Oscar Ridinger v. The State.

No. 22563.   Delivered June 16, 1943.
Rehearing Denied October 13, 1943.

The opinion states the case.

*J. Walter Friberg,* of Wichita Falls, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was assessed a fine of $100.00 upon a charge that he sold one pint of liquor to B. R. Allen on December 13, 1942. Upon the call of the case, admission was made in court that

Wichita County is a dry area. The State then introduced in evidence certain procedure showing the election by which it became such. Appellant objected to this and brings it forward in bills of exception. No error is shown: Curtis v. State, 46 S. W. (2d) 303; Burns v. State 76 S. W. (2d) 516, and Rex Beard v. State, not yet reported. (Page 96 of this volume).

The prosecuting witness testified that he was an inspector for the Liquor Board; that at the time of the sale he saw the accused handing a bottle to a soldier. Taking this to be liquor, he asked if he would sell him a pint, to which the accused replied he did not have one on him but would get it. In a few minutes he returned and sold him a pint for $3.50. The bottle so purchased was presented in court with identifying labels.

Appellant objected to the evidence about the inspector's seeing the accused deliver a pint to a soldier, on the ground that it related to an extraneous offense and not a part of the res gestae. We cannot sustain the contention. An extraneous offense is one that is extra, beyond, or foreign to the offense for which the party is on trial. In the case before us, the delivery of the bottle to the soldier suggested to the officer that the party would sell him one and immediately gave rise to the sale that was consummated and proven. The connection is direct and by no means foreign to the one for which the party is being tried.

Another complaint is because of the failure of the court to give his special requested charge defining the term "sale." We see no occasion for the definition, under the facts of this case. All the elements of a sale were proven. It is a word commonly used and the meaning is not a question for dispute or misunderstanding. The legal usage is identical with common usage. Any definition given could add nothing to the understanding of the term among men qualified to serve as jurors.

Another complaint relates to the failure of the court to submit appellant's contention that he was entrapped into the sale. We find no evidence raising this issue. Appellant did not testify and presented no affirmative defense. The evidence of Allen certainly gave no indication that appellant was entrapped into making the sale but shows that he willingly made it, but to the wrong man. It would be rather difficult to conceive of a state of facts whereby a party was, by entrapment, induced to make a sale of liquor, where he does so by his own acts and with full knowledge of what he is doing. At any rate, the law of

entrapment is not involved in the remotest degree by the facts of the case before us.

The procedure seems to be in every way regular. The jury believed the only witness who testified on the subject of this sale and assessed the lowest penalty.

The judgment of the trial court is affirmed.

ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for rehearing appellant contends that we erred in our original opinion in holding the testimony of B. R. Allen admissible on the ground that it was a part of the res gestae. We have again reviewed the record in the light of his contention but see no good reason to recede from the conclusion expressed in the original opinion. See Potts v. State, 52 Tex. Cr. R. 368; Sneed v. State, 28 Tex. Cr. R. 56; Roberts v. State, 99 Tex. Cr. R. 492. Many other cases could be cited.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.