**Donald Louis HUMPHREY, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–81–106–CR.**

Court of Appeals of Texas, Corpus Christi.

Dec. 17, 1981.

Eduardo Roberto Rodriguez, Brownsville, for appellant.

Reynaldo Cantu, Jr., Criminal Dist. Atty., Brownsville, for appellee.

Before BISSETT, YOUNG and GONZALEZ, JJ.

OPINION

GONZALEZ, Justice.

After a trial before the court, Donald Louis Humphrey, Jr. [hereinafter Humphrey] was found guilty of engaging in organized activity. See: Tex. Penal Code Ann. § 71.02 (Vernon Supp.1980–1981). Punishment was assessed at three years imprisonment, however, his sentence was probated.

Humphrey was charged with committing theft with the intent to establish, maintain and participate in a "combination". The alleged "combination" consisted of Humphrey, David Michael Paddock, Lawrence M. Durand, and two undercover Department of Public Safety agents. In his third point of error, Humphrey contends that the evidence was insufficient to sustain this conviction. We agree.

Section 71.02(a) of the Penal Code, in pertinent part, provides:

§ 71.02 Engaging in Organized Criminal Activity

(a) A person commits an offense if, with the intent to establish, maintain, or participate in a *combination* or in the profits of a combination, he commits or conspires to commit one or more of the following:

(1) ... theft...; Penal Code Ann. § 71.02(a) (Vernon Supp.1980–1981) (emphasis added). A "combination" is defined as "five or more persons who collaborate in carrying on *criminal activities* ..." Tex. Penal Code Ann. § 71.01(a) (Vernon Supp. 1980–1981) (emphasis added).

In this case, the alleged "combination" consisted of Humphrey, Paddock, Durand, and two undercover law enforcement agents. Undoubtedly Humphrey, Paddock, and Durand collaborated in carrying on criminal activities. The two undercover agents, however, were carrying on *lawful activities*, i.e., the enforcement of State law. Thus, the evidence used to convict Humphrey showed a combination of only three persons engaging in *criminal activities*. We hold that such evidence is insufficient to sustain these convictions. See: e.g., *United States v. Martino*, 648 F.2d 367, 405 (5th

Cir. 1981); *United States v. Enstam*, 622 F.2d 857, 687 (5th Cir. 1980); *Sears v. United States*, 343 F.2d 139, 142 (5th Cir. 1965).

The defendant's third point of error is sustained. The conviction of Humphrey is reversed and the judgment of the trial court is reformed to show an acquittal of the defendant. *Gonzalez v. State*, 588 S.W.2d 574 (Tex.Crim.App.1979).