**Ramon Reyes GOMEZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–040–CR.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 30, 1981.

Rehearing Denied Dec. 30, 1981.

Discretionary Review Refused
March 24, 1982.

James S. Bates, P. C., Edinburg, for appellant.

Robert Salinas, Crim. Dist. Atty., Donna, for appellee.

Before BISSETT, YOUNG and GONZA-LEZ, JJ.

OPINION

GONZALEZ, Justice.

This is an appeal from a conviction by a jury for murder. Punishment was assessed by the court at ten years.

The sole ground of error is the admission of an extraneous offense. We affirm.

Without objection appellant was tried jointly with Roel Rodriguez under separate indictments. Appellant and Rodriguez were represented by the same retained counsel.

As part of the defense case, Rodriguez testified that appellant fired the fatal shots in response to the deceased's advancing on appellant with a knife. Appellant did not testify. Based on Rodriguez' testimony appellant received a charge on self defense.

In rebuttal, the State offered proof of a previous transaction similar to the one on trial, which occurred approximately six months earlier. According to the testimony, appellant, while in a bar, shot at Rolando Rocha after appellant *and* Rodriguez had attempted to provoke a fight with Rocha. This testimony tended to disprove Rodriguez' explanation of appellant's motive for shooting the deceased and, therefore, was relevant and material to the contested issue of self defense. *Halliburton v. State*, 528 S.W.2d 216, 219 (Tex.Cr.App.1975).

A limiting instruction was given to the jury after the extraneous offense was admitted, and then a written limiting instruction was submitted to the jury along with the other instructions.

■ An extraneous offense is any act of misconduct, whether resulting in prosecution, or not, which is not shown in the charging paper and which is shown to have been committed by the accused. *Crawley v. State*, 513 S.W.2d 62 (Tex.Cr.App.1974).

■ Generally, proof of an extraneous offense is inadmissible and excluded in the State's case in chief, for an accused is entitled to be tried *for the offense charged* and not for some collateral crime, or for being a criminal generally. *Chambers v. State*, 601

S.W.2d 360 (Tex.Cr.App.1980); *Albrecht v. State*, 486 S.W.2d 97 (Tex.Cr.App.1972). As with most rules, there are some exceptions. Generally, extraneous offenses are admissible to prove: identity, *Gillon v. State*, 492 S.W.2d 948 (Tex.Cr.App.1978); intent, *Carrillo v. State*, 591 S.W.2d 876 (Tex.Cr.App. 1979); motive, *Rodriguez v. State*, 486 S.W.2d 355 (Tex.Cr.App.1979); flight, *Arivette v. State*, 513 S.W.2d 857 (Tex.Cr.App. 1974), and refutation of a defensive theory, *Rubio v. State*, 607 S.W.2d 498 (Tex.Cr.App. 1980).

"The circumstances which justify the admission of evidence of extraneous offenses are as varied as the factual contexts of the cases in which the question of the admissibility of such evidences arise. Each case must be determined on its own merits." *Albrecht v. State, supra*, p. 100.

The exception involved in this case is refutation of a defensive theory. Evidence of extraneous offense is admissible to refute the accused's defense.

Appellant contends that the extraneous offense should not have been admitted because the issue of self defense was not raised by his testimony, but by that of his co-defendant. It does not make any difference that the issue was raised by appellant's co-defendant. Appellant got the benefit of the issue just the same and, therefore, the State is entitled to refute it. Furthermore, it was presented during the State's rebuttal evidence, and was very similar to the primary offense for which the appellant was on trial. Both offenses occurred at bars; both offenses arose out of an argument over a pooltable; both defendants on trial, appellant and *Rodriguez*, were involved in the extraneous offense; and in both transactions appellant was the one who fired the weapon.

Under these circumstances we find that the trial court was not in error in admitting the extraneous offense. *Lolmaugh v. State*, 514 S.W.2d 758 (Tex.Cr.App.1974). Appellant's ground of error is overruled.

The judgment of the trial court is affirmed.