Lee Oscar McDONALD, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–83–0573–CR, 01–83–0447–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 23, 1985.

Mack Arnold, Stanley G. Schneider, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Karen Zellars, Jim Lavine, Brad Beers, Harris County Asst. Dist. Attys., Houston, for appellee.

Before WARREN and COHEN, JJ., and T. GILBERT SHARPE, Retired Justice.

## OPINION

T. GILBERT SHARPE, Retired Justice.

Lee Oscar McDonald appeals from a conviction for engaging in organized criminal activity. Tex.Penal Code sec. 71.02(a)(1) (Vernon Supp.1985). The jury assessed punishment at 30 years in the Texas Department of Corrections. Appellant asserts 18 grounds of error. We affirm.

Appellant also appeals from a revocation of probation for a conviction of burglary and theft by receiving. That appeal will be discussed later in this opinion.

This court has heretofore passed on another case involving prosecution for the crime of engaging in organized criminal activity. *See Lucario v. State*, original opinion reported at 658 S.W.2d 835 (Tex. App.—Houston [1st Dist.] 1983). The Court of Criminal Appeals on appellant's petition for discretionary review vacated the judgment (not the opinion) of the Court of Appeals and directed it to further consider and discuss certain contentions made by appellant. This court handed down its opinion on remand on August 30, 1984. *See Lucario v. State*, 677 S.W.2d 693 (Tex. App.—Houston [1st Dist.] 1984, pet. ref'd).

Several of the major contentions asserted by appellant are substantially the same as those made in *Lucario*. See particularly this court's opinion at 677 S.W.2d 693. However, there are several distinctions between the two cases, particularly because the instant case involves a jury trial and additional grounds of alleged error.

After a brief reference to our basic facts, we will discuss those contentions asserted by appellant which we believe were answered by this court in *Lucario*, and we will then consider the remaining grounds of error.

Appellant was indicted on May 7, 1983, and his trial commenced on June 14, 1983. The state offered testimony of more than 50 persons relating to a series of crimes, the so-called "crash burglaries," committed

in Harris County, Texas, during October and December 1982. Witnesses, police officers, detectives, and accomplices testified that the 11 separate offenses taking place during that period were masterminded by the appellant and his brother, co-defendant, John Douglas McDonald. The offenses committed by John McDonald, at the direction of the appellant, include thefts of automobiles on four occasions and burglaries of various department stores on at least seven occasions. Appellant was arrested on December 8, 1982, during the commission of a burglary in Harris County.

In *Lucario*, we summarized and discussed the basic contentions made by appellant in his four grounds of error, as follows: (1) that appellant's motion to quash should have been granted; (2) that the organized criminal activity statutes were vague and overbroad; (3) that the statutes violated the due process clause of the constitution and are overbroad; and (4) that the appellant should have been prosecuted for more specific offenses. 677 S.W.2d at 695. More specifically, this court discussed the definition of terms in section 71.01, and expanded upon appellant's contention that said section and section 71.02 are unconstitutionally vague and overbroad.

The words and terms discussed include "combination," the "scienter" element, "participation," the "mens rea" requirement, the "intent to establish, maintain, participate in a combination," "collaboration in carrying on," "carrying on," and "unbridled discretion."

This court pointed out that although an underlying offense—in that case aggravated robbery—was involved, the threshold element of the organized criminal activity statute is that five or more persons collaborate in carrying on criminal activities. In our case the underlying offense is burglary.

In *Lucario* we held that the appellant's reliance on *State v. Young*, 62 Ohio St.2d 370, 406 N.E.2d 499, *cert. denied*, 449 U.S. 905, 101 S.Ct. 281, 66 L.Ed.2d 137 (1980), was not persuasive. In *Young*, the Ohio

Supreme Court struck down the Ohio organized crime statute as unconstitutionally vague and overbroad on the same grounds as those asserted in *Lucario*. After comparing the Texas and the Ohio statutes we held that the Ohio statute was broader and obviously prohibited constitutionally protected activity, while the Texas statute did not contain those fatal defects.

■ Another contention raised in *Lucario* was that the punishment scheme provided by section 71.02 was not rationally related to the conduct of the accused and violated due process protections. That contention is not supported by any Texas precedential authority. The two decisions of the Illinois Supreme Court, *People v. Bradley*, 79 Ill.2d 410, 38 Ill.Dec. 575, 403 N.E.2d 1029 (1980), and *People v. Wagner*, 89 Ill.2d 308, 60 Ill.Dec. 470, 433 N.E.2d 267 (1982), relied upon as persuasive for the position that the Texas punishment scheme is unconstitutional, were held to be distinguishable. 677 S.W.2d at 701. The Texas statute properly punishes the commission of a crime more severely where it occurs in the context of organized criminal activity rather than where the crime is committed outside an organized criminal context. The fact that a harsher punishment may be imposed under sec. 71.02 than the punishment for identical activity which does not occur through an organized effort reflects the legislature's recognition that organized criminal activity is more dangerous to the welfare of the state than unorganized activity, and is an obvious attempt to discourage and deter organized criminal activity within the state.

■ We adhere to our holdings in *Lucario*, which we believe require overruling the same contentions made by appellant here. We particularly agree with the holding that sections 71.01 and 71.02 of the Penal Code are not unconstitutionally vague and overbroad. The statute reaches only those persons who knowingly engage in criminal activity. Ground of error eleven is overruled.

We now pass to appellant's additional contentions.

## EXTRANEOUS OFFENSES

One of appellant's primary contentions is that the trial court erred in admitting evidence of allegedly "extraneous offenses." Appellant requested before trial, in a motion in limine, that evidence of offenses other than the burglary specifically described in the indictment not be admitted. Appellant also filed a motion to quash the indictment. Both motions were overruled.

During the trial, appellant objected sporadically to evidence of allegedly "extraneous offenses" but the trial court admitted evidence of various offenses, and at the close of the guilt phase refused to give a limiting instruction to the jury on their use.

The basic question presented is whether the offenses committed, aside from the December 8th burglary alleged in the indictment, constitute "extraneous offenses." We hold that these offenses are not "extraneous" to the crime of engaging in organized criminal activity, and that the trial court properly admitted evidence of them.

■ By definition, extraneous offenses are "extra, beyond, or foreign to the offense for which the party is on trial." *Ridinger v. State*, 146 Tex.Crim. 286, 174 S.W.2d 319, 320 (1943). Otherwise stated, an extraneous offense is any act of misconduct, whether resulting in prosecution or not, that is not shown in the charging paper. *Gomez v. State*, 626 S.W.2d 113, 114 (Tex.App.—Corpus Christi 1981, pet. ref'd).

■ The indictment in the present case reads in pertinent part, as follows:

LEE OSCAR MCDONALD hereafter styled the Defendant, heretofore on or about December 8, 1982, did then and there unlawfully, intentionally, and knowingly, with the intent to establish, maintain, and participate in a combination and the profits of a combination of five or more persons who collaborate in carrying on criminal activities, to-wit: Burglaries of Businesses, said combination being made up of John Douglas Mc-Donald, Lee Oscar McDonald, Robert Taylor, Jr. a/k/a Ray Brown a/k/a Big Money Grip a/k/a Taylor Boy, Arthur Dean Johnson a/k/a Arthur Fears a/k/a Henry Fish, Herbert Lee Briscoe, Sam Nickerson a/k/a Zack Hickman, Deandre Batiste, Kenneth Bogan a/k/a Grip, Frederick Dyer, Clarence Walker a/k/a Horse, Anthony Earl Bowers a/k/a Earl Reed a/k/a John Bowers, and Ben Knox a/k/a Ben Washington, the said Lee Oscar McDonald along with John Douglas McDonald and Ben Knox a/k/a Ben Washington, did commit the offense of burglary in that he, with intent to commit theft, enter by intruding his entire body into a building not then open to the public, owned by Tina Yeamens, hereafter styled the Complainant, without the effective consent of the Complainant, namely, without any consent of any kind.

The offense of engaging in organized criminal activity is defined as follows:

A person commits an offense if, with the intent to establish, maintain, or participate in a combination or in the profits of combination, he commits or conspires to commit one or more of the following:

(1) ... burglary....

Sec. 71.02(a)(1).

The definitional section of the statute provides:

"[C]ombination" means five or more persons who collaborate in carrying on criminal activities....

Sec. 71.01(a).

Where, as here, the indictment charges appellant collaborated in more than one act, those acts are, by definition, not "extraneous" to the offense charged. *See Ridinger*, 174 S.W.2d at 320; *Gomez*, 626 S.W.2d at 114. We hold that the trial court did not err in overruling appellant's motion in limine and in admitting evidence of the other offenses since they were part and parcel of the offenses charged. Moreover, since we conclude that the other offenses brought out at trial were not "extraneous," no limiting instruction was necessary. *Arivette v. State*, 513 S.W.2d 857, 864 (Tex.Crim.App.

1974). Grounds of error three, five, six, seven and ten are overruled.

Appellant asserts in his second ground of error that the indictment fails to allege an offense under Chapter 71 of the Penal Code in that it fails to allege that five or more persons committed the burglary on December 8, 1982.

■ The statute contains no such requirement. It requires only that the defendant "commit" the underlying offense and that he do so with intent to "establish, maintain, or participate in a combination." There is no requirement that the underlying offense be committed along with all five members of the combination. Ground of error two is overruled.

■ In related grounds of error, appellant argues that his motion to quash was improperly overruled by the trial court and that he received insufficient notice of the charges against him resulting in a denial of due process. Appellant claims that the indictment is defective in that it merely alleges "burglaries of businesses," without further specifying the types of criminal activities alleged to have been committed by the combination.

The state argues first, that error was not preserved by appellant's "form" motion to quash and, second, that the indictment was not required to include the various offenses comprising the "criminal activities," since evidentiary matters need not be pleaded. We agree.

The motion to quash reads in pertinent part:

### I.

The indictment does not state an offense against the laws of Texas.

### II.

The indictment in this cause does not state sufficient facts to inform the Defendant of the nature of the charges against him to enable the Defendant to prepare a defense to the charges.

### III.

The indictment in this cause does not state sufficient facts to form the basis of a plea in bar of former jeopardy in the event of a subsequent or former prosecution of the same or a similar offense arising from the same transaction.

### IV.

The indictment in this cause does not allege a culpable mental state.

### V.

The indictment in this cause is founded on an unconstitutional statute.

### VI.

The indictment in this cause is based on the statute not enacted within the provisions of the Texas Constitution.

### VII.

The indictment in this cause is vague and indefinite and is subject to contrary interpretations by reasonable men.

### VIII.

The indictment in this cause does not specify the mode of the offense whereas the statute on which it is based contains various modes.

The Court of Criminal Appeals recently held in *Jones v. State,* 672 S.W.2d 798 (Tex.Crim.App.1984):

In the instant case, appellant's form Motion [to Quash] was a general allegation of inadequate notice, which *in itself* failed to adequately inform the trial judge of the manner in which notice was deficient. Therefore, we hold that the fundamental constitutional protections of adequate notice and due process have not been invoked.

*Id.* at 800 (emphasis in original). It thus appears that appellant's written motion to quash is inadequate and an oral motion expanding upon or raising a different ground from the written motion will not

cure the inadequacies of the written motion to quash. *Dula v. State,* 679 S.W.2d 601, 603–04 (Tex.App.—Houston [1st Dist.] 1984 pet. ref'd); *cf. Faulks v. State,* 528 S.W.2d 607 (Tex.Crim.App.1975) (oral motions to quash are insufficient to preserve error); *Marshall v. State,* 646 S.W.2d 522, 523–24 (Tex.App.—Houston [1st Dist.] 1982, no pet.).

Appellant's first and eighth grounds of error are overruled.

## ACCOMPLICE TESTIMONY

Appellant argues that the evidence was insufficient because the accomplice witness testimony was uncorroborated. In particular, he contends that the trial court erred in failing to grant his request that Herbert Lee Briscoe be designated an accomplice as a matter of law.

Herbert Lee Briscoe, an original member of the combination, was arrested for outstanding traffic warrants on November 7, 1982. Briscoe testified that while under arrest, he talked to Officer Jett who told him that if he would assist in apprehending appellant, all charges against him would be dropped. Briscoe agreed to help and subsequently informed the police in advance of burglaries at Greenspoint, Sharpstown, and Gulfgate shopping malls.

In compliance with Tex.Code Crim.P. Ann. art. 38.14 (Vernon 1979), the trial court instructed the jury that the three requisites for a conviction which relies upon accomplice testimony are: (1) belief in the truth of the accomplice's testimony showing the defendant guilty as charged; (2) independent corroboration which, excluding the accomplice(s), tends to connect the defendant with the offense charged; and (3) satisfaction from all the evidence of the defendant's guilt beyond a reasonable doubt. The court also instructed the jury that Briscoe was an accomplice as a matter of law prior to November 7, 1982, but that whether he was an accomplice after that date was a question of fact to be determined by it.

■ Accomplice is defined as "someone who has participated with another before, during or after the commission of a crime.... One is not an accomplice witness who cannot be prosecuted for the offense with which the accused is charged." *Carrillo v. State,* 591 S.W.2d 876, 882 (Tex. Crim.App.1979) (citations omitted). Where a question is raised as to whether a witness is an accomplice, it is recognized procedure to submit the issue to the jury even though the evidence seems to favor the conclusion that the witness is an accomplice as a matter of law. *Id.* Bearing these principles in mind, we conclude that it was not error to submit the issue of whether Briscoe was an accomplice witness as a matter of fact. If anything, the instruction favored appellant since, by definition, Briscoe was not an accomplice after November 7, 1982.

■ It is clear then that the accomplice witness testimony was corroborated by Herbert Briscoe, and Briscoe's testimony was corroborated by appellant's arrest at the scene of the burglary on December 8, 1982. The testimony of the accomplices, combined with the circumstances surrounding appellant's arrest at the scene of a burglary on December 8, 1982, provided more than sufficient evidence upon which to convict the appellant.

Citing *Humphrey v. State,* 626 S.W.2d 816 (Tex.App.—Corpus Christi 1981, no pet.), appellant argues additionally that if Briscoe is not an accomplice witness, the court could not authorize the jury to find that he was a member of the combination. However, the *Humphrey* decision is distinguishable. In *Humphrey,* two of the five collaborators were undercover agents carrying on lawful, as opposed to criminal, activities. Consequently, there were only three people engaged in the combination, and the evidence was held to be insufficient. 626 S.W.2d at 816. Here, the state did not have to rely on Briscoe as a member of the combination since there were at least five other people involved to support the combination. The fact that Briscoe is named as a member of the combination in the indictment does not affect this result.

It was not necessary for the state to prove that appellant and all 10 listed in the indictment acted in combination. The organized criminal activity statute specifically provides that once the initial combination of five or more persons is formed, it is no defense to prosecution that there is a change in the number of persons as long as two or more remain in the combination. Tex.Penal Code sec. 71.03(4). Grounds of error nine, twelve, thirteen and fourteen are overruled.

### TRIAL WITH THE CO–DEFENDANT

In his fourth ground of error, appellant complains that the trial court erred in overruling the appellant's oral objection to being tried with his brother and co-defendant, John McDonald.

The applicable statute provides:

Two or more defendants who are jointly or separately indicted or complained against for the same offense or any offense growing out of the same transaction may be, in the discretion of the court, tried jointly or separately as to one or more defendants; provided that in any event either defendant may testify for the other or on behalf of the state; and provided further, that in cases in which, upon timely motion to sever, and evidence introduced thereon, it is made known to the court that there is a previous admissible conviction against one defendant or that a joint trial would be prejudicial to any defendant, the court shall order a severance as to the defendant whose joint trial would prejudice the other defendant or defendants.

Tex.Code Crim.P.Ann. art. 36.09 (Vernon 1981).

Article 36.09 places the burden on the party opposing a joint trial to request, in a written motion to sever, that the defendants be tried separately. The record reveals that a written motion for severance was not filed, nor was any proof offered to support appellant's objection. As this court previously noted in *Robles v. State*, 627 S.W.2d 466 (Tex.App.—Houston [1st Dist.] 1981, no pet.), in the absence of a written motion to sever and "evidence introduced thereon" to demonstrate prejudice, a trial court is not required to sever the trial. Also, on the basis of the record before us, we cannot say that the joint trial was prejudicial to appellant or that the trial court abused its discretion in overruling appellant's oral objection to the joint trial. Additionally, the state is not required, as alleged by appellant, to file formal written notice of its intent to try defendants jointly. Article 36.14 conspicuously omits any such requirement, leaving the matter to the discretion of the trial court.

Appellant's fourth ground of error is overruled.

### COMMENT ON FAILURE TO TESTIFY

Appellant next contends that he was denied a fair and impartial trial by the prosecutor's comment on his failure to testify. The following argument was made during the guilt phase of trial:

All of it comes back together. Then if you put aside all of that corroboration, you can still look at the testimony of Wanda May Lewis. What is her corroboration? How does her testimony tend to connect these two defendants to the existence of this combination and resulting burglaries of December the 8th, 1982. She tells you John came over to my house, asking Taylor Boy, Robert Taylor, Jr., my common-law husband, if he wanted to go make some money. Oscar McDonald came over to my house during November and asked Robert Taylor, Jr. if he wanted to go make some money. They also came over and asked if he wanted to to [sic] go out and get some TP. I never heard Oscar say what that meant or never heard John say what that meant.

MR. ARNOLD: Well I would object to that as a comment on the failure of the defendant to testify.

THE COURT: That will be sustained.

MR. ARNOLD: We would ask for a mistrial.

THE COURT: That will be denied. Members of the jury, you will not consider the last statement of the prosecutor for any circumstances at all. Clearly disregard that last statement by the prosecutor. You may proceed.

MR. MCCULLOUGH: On behalf of John McDonald, we adopt the objection and the motion.

THE COURT: That will be denied. Again, let me emphasize, please do not take into consideration the last statement of the prosecutor for any matter whatsoever. You may proceed.

Appellant argues that the reference to what appellant "did not say" constituted a comment on the failure to testify. However, as the prosecutor later explained, the remark was a comment on the testimony of Wanda May Lewis who repeated what appellant said to her about the December 8th burglaries. Even if the argument could be construed as a comment on the failure to testify, any error was cured by the trial court's careful instruction to the jury to disregard. *Davis v. State*, 645 S.W.2d 817, 818–19 (Tex.Crim.App.1983). Ground of error fifteen is overruled.

### NOTICE OF THE RANGE OF PUNISHMENT

■ In grounds of error sixteen and seventeen, appellant complains that both the indictment and charge to the jury are defective in failing to notify appellant of the applicable range of punishment. Appellant contends that by charging him with "burglaries of businesses," the state potentially subjected him to punishment as either a third, second or first degree felony.

The indictment clearly charged the appellant with the offense of engaging in organized criminal activity under Chapter 71 of the Penal Code. Moreover, in addition to charging that the appellant had committed "burglaries of businesses," the indictment clearly sets out the proper elements of the offense of burglary. Appellant therefore had sufficient notice that, if convicted, punishment would be assessed in accordance with section 71.02(c) of the Texas Penal Code. *See Bailey v. State*, 543 S.W.2d 653, 655 (1976). Cases cited by the appellant address the situation where the indictment failed completely to set out facts sufficient to indicate which class of offense was alleged and are not on point. *See Benoit v. State*, 561 S.W.2d 810, 813 (Tex.Crim.App. 1977); *Standley v. State*, 517 S.W.2d 538, 540–41 (Tex.Crim.App.1975).

Appellant's sixteenth and seventeenth grounds of error are overruled.

### THE CUMULATION ORDER

■ In ground of error eighteen, appellant argues that the cumulation order entered in cause number 381,553 is void because it merely refers to another cause number, without meeting the specific requirements as to the form of cumulation orders.

The cumulation order states as follows:

On this the 30th day of June, A.D. 1983, the court ordered that this Sentence is to begin when the Sentence in cause number 330,325, entitled, THE STATE OF TEXAS VS. LEE OSCAR MCDONALD, has ceased to be operative.

Appellant cites *Ward v. State*, 523 S.W.2d 681 (Tex.Crim.App.1975), for the proposition that cumulation orders must contain certain information in order to avoid error in the carrying out of the sentence. The *Ward* court recommended five types of information be included in orders to avoid ambiguity: "(1) the trial court number of the prior conviction; (2) the correct name of the court where the prior conviction was taken; (3) the date of the prior conviction; (4) the term of years of the prior conviction; and (5) the nature of the prior conviction." 523 S.W.2d at 682. The *Ward* court noted, however, that cumulation orders have been upheld even in the absence of some information ordinarily included in an order. *Id.; see Phillips v. State*, 488 S.W.2d 97 (Tex.Crim.App.1972).

In *Ex parte Ashe*, 641 S.W.2d 243 (Tex. Crim.App.1982), also cited by appellant, the Court of Criminal Appeals held en banc

that orders only reciting the cause number and county of the prior conviction are insufficient. The court expressly limited this rule, however, to instances where the prior conviction is from a different court. 641 S.W.2d at 244.

The state cites *Hamm v. State*, 513 S.W.2d 85 (Tex.Crim.App.1974), where the court discussed the validity of a similar cumulation order stating: "Sentence to begin when Sentence in Cause Number 192094 ceases to operate." 513 S.W.2d at 86. The appellant in *Hamm* had received the prior conviction in the same court. The court held: "While the cumulation order in the instant case is not in the most desirable form, we conclude that it is sufficient in light of the record before us." *Id.* at 87.

In the case at bar, the record reveals that cause number 330,325 was the probation revocation conducted incident to appellant's conviction in the same court for engaging in organized criminal activity. Thus, the cumulation order is valid. Appellant's eighteenth ground of error is overruled.

## PROBATION REVOCATION

Appellant was also convicted of burglary and theft by receiving. The court assessed punishment at five years confinement, probated for five years, and ordered restitution in the amount of $700. The state subsequently filed a motion to revoke probation, which the trial court heard in conjunction with the jury trial on the organized criminal activity indictment. At the conclusion of the trial, the court found that appellant had violated the terms of his probation by committing the offense of engaging in organized criminal activity, revoked appellant's probation, and sentenced him to five years imprisonment. Appellant asserts five grounds of error that repeat arguments made in his appeal from the conviction for organized criminal activity. Those five grounds are likewise overruled.

The judgments of the trial court are affirmed.