Billy Ray McBRIDE, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–89–01338–CR, 05–89–1339–CR.

Court of Appeals of Texas,
Dallas.

Dec. 18, 1990.

Discretionary Review Granted in No. 05–89–1339–CR April 3, 1991.

Discretionary Review Refused in No. 05–89–01338–CR April 3, 1991.

Douglas Floyd, Plano, for appellant.

Bryan J. Clayton, McKinney, for appellee.

Before HOWELL, BAKER and LAGARDE, JJ.

## OPINION

HOWELL, Justice.

Billy Ray McBride appeals his convictions of burglary of a habitation and engaging in organized criminal activity. The jury assessed punishment at fifteen years' confinement and a fine of $10,000 for burglary of a habitation and sixty years' con-

finement and a fine of $10,000 for engaging in organized criminal activity. In four points of error, appellant argues that: (1) the evidence is insufficient to support his conviction of burglary of a habitation; (2) the evidence is insufficient to support his conviction for engaging in organized criminal activity; (3) the trial court erred in admitting into evidence written confessions of appellant; and (4) the trial court erred in refusing to suppress written confessions made by the appellant. Because we hold that the evidence is insufficient to support appellant's conviction of burglary of a habitation and that the trial court erred in admitting into evidence the written confessions of the appellant, we reverse and render a judgment of acquittal in cause number 219–80404–89 and reverse and remand cause number 219–80446–89.

## SUFFICIENCY OF THE EVIDENCE

In appellant's first point of error, he argues that the evidence was insufficient to support his conviction of burglary of a habitation. Specifically, he argues that the evidence does not sufficiently connect him to the burglary for which he was convicted. When reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found each element of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 238 (Tex.Crim. App.1989).

The record reveals that appellant was convicted of the December 2, 1989 burglary of the home of Mark Loftice. A .22 rifle, 20–gauge shotgun, two jewelry boxes and their contents, and a VCR were taken from the Loftice residence. The State contends the following portion of appellant's confession describes the Loftice burglary.

> On another day, me & Ricky & John & Debbie did another house. You follow the road in front of Crossroads. The road curves to the right and a rock road goes straight. The rock road goes back to 121. The house is on the right. You

go down the hill, there's a creek on the left. Ricky and Johnny got out and me & Debbie went down the road. When we came back they had got some jewelry and a .22 and a 20 gauge and a couple of jewelry boxes.

The only other testimony connecting appellant to the Loftice burglary is the testimony of the sheriff's investigator that he believed the burglary described in appellant's confession was the burglary of the Loftice residence.

In *Gilbertson v. State*, 563 S.W.2d 606 (Tex.Crim.App. [Panel Op.] 1978), the defendant made a statement to the police implicating himself in several burglaries. At trial, the statement was the sole evidence used by the State to connect him to the burglary of Bailey's Pharmacy. However, the defendant's statement made no mention of Bailey's Pharmacy. The statement did not indicate that any of the burglaries described occurred anywhere near Bailey's Pharmacy. The statement did not indicate the exact dates of the burglaries described. Further, no property taken in the burglary of Bailey's Pharmacy was found in the defendant's possession, nor was there evidence that such property was found in the possession of the other persons involved. There was also evidence that the defendant was out of town at the time the burglary at Bailey's Pharmacy occurred. The *Gilbertson* court held that although the defendant's statement indicated some criminal activity, the evidence was insufficient to sustain a conviction for the offense alleged. *Id.* at 609.

We find *Gilbertson* persuasive. In the instant case, the confession's description of the location of the burglary is vague and imprecise. No exact dates are mentioned. No property taken in the Loftice burglary was found in appellant's possession, nor was there evidence that such property was found in the possession of the other persons involved.

The confession's description of the items taken does not provide a sufficient connection to the Loftice burglary. Although the items mentioned in the confession are similar, the confession does not mention the

VCR which was taken in the Loftice burglary. Further, the State offered no proof that the items described in appellant's confession were the same or even similar to the items taken from the Loftice residence. Accordingly, this evidence does not support a conclusion that the evidence is sufficient. *Owens v. State*, 576 S.W.2d 859, 861 (Tex.Crim.App. [Panel Op.] 1979). The testimony of the sheriff's investigator that he believed the burglary described in appellant's confession was the burglary of the Loftice residence is also insufficient. There is no indication that his belief was based on anything other than a reading of appellant's confession.

Although appellant's confession indicates criminal activity, the evidence is insufficient to sustain a conviction for the offense alleged. The State has merely shown a possible explanation of the Loftice burglary. *Butler*, 769 S.W.2d at 239. Accordingly, we sustain appellant's first point of error. We reverse appellant's conviction for burglary of a habitation and order that a judgment of acquittal be entered. *Burks v. United States*, 437 U.S. 1, 18, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 24, 98 S.Ct. 2151, 2154, 57 L.Ed.2d 15 (1978).

 In his second point of error, appellant asserts that the evidence is insufficient to support his conviction for engaging in organized criminal activity. Appellant argues that because the State failed to prove and obtain a conviction for an underlying offense, there can be no conviction for engaging in organized criminal activity. In support of this proposition, appellant cites *McDonald v. State*, 692 S.W.2d 169, 174 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd). Appellant misinterprets both *McDonald* and section 71.02 of the penal code. Tex.Penal Code Ann. § 71.02 (Vernon 1989). Neither the applicable statute nor the case law require a conviction on an underlying offense. Instead, *McDonald* and section 71.02 require only that a person commit or conspire to commit one of the enumerated offenses with the requisite intent.

Further, there is sufficient evidence in the record to support appellant's conviction for engaging in organized criminal activity. The record reflects that appellant was arrested along with two other persons during an attempted burglary. There is also evidence that appellant participated in another burglary in which an air tank and a shotgun were taken. Appellant's second point of error is overruled.

## ADMISSIBILITY OF THE CONFESSIONS

Appellant's third point of error complains of the trial court's ruling on appellant's motion to suppress written confessions which appellant made during his interrogation by Collin County Sheriff's Deputy Allen Barnes. In appellant's fourth point of error, he argues that the trial court erred in failing to suppress his written confessions. These points are interrelated and will therefore be discussed together.

At appellant's trial, a hearing was held outside the presence of the jury to determine the admissibility of appellant's confessions as required by *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) and article 38.22 of the Texas Code of Criminal Procedure. The trial court found the confessions to be voluntary and admissible. We must determine from the record whether the court abused its discretion in so finding. *Sherman v. State*, 532 S.W.2d 634, 635 (Tex.Crim.App.1976).

The appellate record reflects that the following pertinent facts were presented at the *Jackson v. Denno* hearing. Appellant and another individual testified that they were beaten and threatened during their arrest by the McKinney police officers. Both required medical attention, although their injuries were minor. Appellant also testified that he was threatened with physical violence and additional prosecutions during his interrogation by the McKinney police officers. Appellant made one written confession to the McKinney police officers immediately following his arrest. Several hours later, appellant was interrogated by Collin County Sheriff's Deputy Allen Barnes. Barnes did not participate in the

arrest or interrogation of appellant by members of the McKinney Police Department. Appellant made two more written confessions during his interrogation by Barnes. Appellant testified that the confessions made to Barnes were the result of the earlier coercion by members of the McKinney Police Department. Only the confessions made to Barnes were admitted into evidence at appellant's trial.

Barnes was the only witness called by the State at the suppression hearing. Barnes testified that he gave appellant his *Miranda* warnings before appellant made each confession. In addition, Barnes denied any knowledge of the alleged coercion. Significantly, the State did not call any of the arresting officers from the McKinney Police Department to testify at the suppression hearing. Following the *Jackson v. Denno* hearing, the trial judge made the following pertinent findings of fact and conclusions of law:

11. The Court finds that a substantial enough time period had passed from the time of McBride's arrest by the McKinney Police Department, sometime around Midnight the previous evening, to attenuate the taint, if any, of any improper police conduct, if any, occurring at the time of [McBride's] arrest.

12. The Court therefore finds the statements to have been obtained in compliance with the requirements of Article 38.22 of the Texas Code of Criminal Procedure, and were freely and voluntarily made by the defendant, free of any improper coercion or promise by law enforcement agents.

■ At a *Jackson v. Denno* suppression hearing, the State has the burden of proving a confession was voluntarily made. In the instant case, the State erroneously believed that it was the appellant's burden to call the McKinney police officers to testify at the suppression hearing. Instead, it is the State who must satisfactorily explain the accused's allegations of coercion or show sufficient attenuation so that any later confessions are not "fruit of the poisonous tree" in order to meet its burden of proof. *Farr v. State*, 519 S.W.2d 876, 880

(Tex.Crim.App.1975); *Sterling v. State*, 800 S.W.2d 513, 519–520 (Tex.Crim.App. 1990).

■ The State's failure to call the arresting officers of the McKinney Police Department to testify at the suppression hearing or reasonably explain their absence leaves appellant's testimony regarding the alleged coercion undisputed. The testimony of Barnes did not rebut the allegations of coercion. Barnes was not present at the arrest and interrogation by the McKinney police. Barnes had no knowledge of what had occurred prior to approximately nine o'clock the morning after appellant's arrest. His testimony concerning his actions could not rebut appellant's testimony regarding the actions of the McKinney police officers. Indeed, it was impossible for Barnes to rebut appellant's allegations that these later confessions were the product of the coercion of the McKinney police officers. We recognize that every police officer accused of illegal acts of coercion need not testify at a suppression hearing. However, when later confessions are alleged to be tainted, these allegations must be controverted or the State must meet its burden of showing sufficient attenuation so that any later confessions are not "fruit of the poisonous tree." *Farr*, 519 S.W.2d at 880; *Smith v. State*, 547 S.W.2d 6, 8 (Tex.Crim. App.1977).

■ In order for the causal chain between the illegal arrests and the subsequent confessions to be broken, both the Fifth Amendment standard of voluntariness and the Fourth Amendment considerations of admissibility must be met. *Brown v. Illinois*, 422 U.S. 590, 602, 95 S.Ct. 2254, 2261, 45 L.Ed.2d 416 (1975). The later confessions must be "sufficiently an act of free will to purge the primary taint." *Wong Sun v. United States*, 371 U.S. 471, 486, 83 S.Ct. 407, 416, 9 L.Ed.2d 441 (1963). The factors to be considered when determining whether previous illegality has tainted later confessions are the following:

1. conditions rendering the first confession inadmissible which persisted through later questioning;

2. the break in time between the confessions;

3. renewed *Miranda* warnings;

4. who initiated the police interview which resulted in a later confession;

5. whether the defendant was taken before a magistrate to be warned of his rights between confessions;

6. evidence indicating that the defendant's later confession was motivated by a desire to exculpate himself, rather than by any earlier improper influence brought to bear upon him;

7. whether the defendant remained in custody between the confessions;

8. whether the defendant conferred with counsel between confessions or made any kind of request for counsel;

9. evidence to suggest defendant was motivated by "cat out of bag" thinking.

*Sterling*, 800 S.W.2d at 519–520.

Of the nine factors to be considered, only two can be said to support attenuation. First, the record reflects that appellant was given renewed *Miranda* warnings by Barnes. However, fresh sets of *Miranda* warnings alone are not determinative. *See Arizona v. Roberson*, 486 U.S. 675, 108 S.Ct. 2093, 2100, 100 L.Ed.2d 704 (1988). Second, appellant apparently did not request an attorney. This is not enough evidence to attenuate the taint claimed by the appellant.

On the contrary, the overwhelming evidence presented at the suppression hearing weighs against attenuation. First, appellant's uncontroverted testimony is that his fear of further police brutality and threatened prosecution persisted through the later confessions. Second, the break in time between the first confession and the two subsequent confessions was only a few hours during which it is uncontroverted that appellant was unable to sleep. A break in time alone is not sufficient. Otherwise, police could keep a suspect "on ice" for a few days in order to attenuate any previous taint. *Collins v. Beto*, 348 F.2d 823, 828 (5th Cir.1965). Third, appellant did not initiate the police interview with Barnes. Fourth, the fact that Barnes is a member of another law enforcement agency is not determinative. The taint of an illegal arrest cannot be cured by simply passing the suspect to another law enforcement agency. In the instant case, it is unlikely that appellant recognized the significance of being interrogated by the Collin County Sheriff's Department instead of the McKinney Police Department. Indeed, Barnes testified that the McKinney police officer appellant alleges beat him and several other McKinney police officers were present in the building during Barnes' interrogation of appellant. Appellant's claim that the coercion persisted through the later confessions is supported by Barnes' testimony that McKinney police officers were present in the building during appellant's interrogation. This further reduces any significance that the change in law enforcement agencies might have. Finally, there is no evidence appellant was taken before a magistrate to be warned of his rights between confessions or that appellant conferred with counsel between confessions.

The law is not clear regarding what standard of proof applies at a suppression hearing. *See Valerio v. State*, 494 S.W.2d 892, 896 n. 2 (Tex.Crim.App.1973); *Nash v. State*, 477 S.W.2d 557, 564 n. 6 (Tex.Crim.App.1972). However, the facts in the instant case are insufficient to satisfy the State's burden under either a preponderance or a reasonable doubt standard. Viewing the totality of the circumstances surrounding appellant's confessions, we hold the trial court abused its discretion in finding that appellant's confessions were voluntary and admissible. *Akridge v. State*, 493 S.W.2d 928, 932 (Tex.Crim.App.1973). Under the evidence presented at the suppression hearing, the State did not meet its burden of satisfactorily explaining appellant's allegations or proving that the alleged improper conduct of the McKinney police officers was sufficiently attenuated. Therefore, appellant's confessions are inadmissible as a matter of law. *Farr*, 519 S.W.2d at 880; *Sterling*, 800 S.W.2d at 519–520; *Smith v. State*, 547 S.W.2d 6, 8 (Tex.Crim.App.1977).

The error is not rendered harmless by the subsequent testimony of the McKinney police officers at trial before the jury. A defendant is entitled to a clear-cut and reliable determination of the voluntariness of his *written* confession by the trial court prior to its admission into evidence. This is both a constitutional and a statutory requirement. *Dykes v. State,* 649 S.W.2d 633, 636 (Tex.Crim.App.1983); *Bonham v. State,* 644 S.W.2d 5, 8 (Tex.Crim.App.1983). Appellant was denied a "clear-cut and reliable determination" at the suppression hearing because the McKinney police officers did not testify until the trial. Therefore, appellant was forced to challenge the testimony of the McKinney police officers at trial before the jury. This is exactly what *Jackson* sought to avoid. As in *Jackson,* the jury in the instant case was faced with conflicting evidence concerning the circumstances of appellant's confessions. In addition, it is likely that the evidence was insufficient to convict appellant without the confessions. Therefore, there was considerable pressure on the jury to find the confessions voluntary. Otherwise, appellant would go free. *Jackson,* 378 U.S. at 378, 84 S.Ct. at 1781.

This placed appellant in an unconstitutional dilemma. A defendant may take the stand at the suppression hearing and confront those whom he alleges coerced him without the threat of impeachment and broad cross-examination. However, this right to testify on a limited basis exists only at the suppression hearing. *Myre v. State,* 545 S.W.2d 820, 825 (Tex. Crim.App.1977). When material witnesses to the voluntariness of a defendant's confession do not testify until the trial, the defendant is forced to make an unconstitutional choice. Having been deprived of the opportunity to confront these witnesses at the suppression hearing, the defendant is forced to choose between exercising his right to refuse to testify at trial but leaving the testimony concerning the voluntariness of his confession uncontroverted and testifying before the jury at the risk of impeachment and cross-examination. There is a danger that this may induce a defendant to remain silent even though he is the only source of testimony regarding the circumstances of his confession. *Id.* The State may not force a defendant to make this choice by failing to call material witnesses at the suppression hearing. Accordingly, we sustain appellant's third and fourth points of error and reverse and remand appellant's conviction of engaging in organized criminal activity.