# NO. 12-18-00338-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAVID EARL JACKSON,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

David Earl Jackson appeals his conviction for engaging in organized criminal activity. In two issues, Appellant contends the trial court erred in admitting evidence of extraneous offenses and that he received ineffective assistance of counsel. We affirm.

## BACKGROUND

On January 12, 2017, the Athens Police Department received a call regarding a burglary in progress at Texas Car Title and Payday Loan. When officers arrived, three suspects fled the location. Appellant was apprehended after a foot chase and arrested. The officers observed several items at the scene that matched items used in other burglaries in the area including a yellow crow bar, grey gloves, ski masks, and trash bags. Officers also watched surveillance footage and noted that the method used to burglarize Texas Car Title and Payday Loan was substantially similar to other burglaries in the area.

Appellant was charged by indictment with engaging in organized criminal activity. Specifically, the State alleged that Appellant was involved in a string of burglaries, including the burglary at Texas Car Title and Payday Loan. Prior to trial, Appellant filed a request for disclosure of the State's intent to introduce evidence of extraneous offenses. Appellant also included evidence of extraneous offenses in his motion in limine. The State filed a notice of intent to

introduce extraneous offenses and all offenses included were for prior convictions. The State filed four further notices that included non-convicted offenses, including the prior burglaries. During a hearing, Appellant objected to the State's introduction of the prior burglaries as "extraneous offenses" that must be proven beyond a reasonable doubt. The State urged that they are admissible to show the continuing course of criminal activity. The trial court agreed to provide a limiting instruction in the charge at the conclusion of trial.

At trial, the State introduced evidence of several incidents of which Appellant had not been convicted and argued that the incidents were evidence of the continuing course of criminal activity. The trial court did not include a limiting instruction in the charge. The jury ultimately found Appellant "guilty" as charged in the indictment, and Appellant was sentenced to thirteen years confinement. This appeal followed.

## EXTRANEOUS OFFENSES

In his first issue, Appellant urges the trial court abused its discretion when it admitted evidence of extraneous offenses. Specifically, he contends the trial court failed to follow the balancing test of Texas Rule of Evidence 404(b).

### Standard of Review and Applicable Law

We review a trial court's ruling on the admissibility of extraneous offenses under an abuse of discretion standard. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009); *Williams v. State*, No. 05-14-00567-CV, 2015 WL 4931447, at *4 (Tex. App.—Dallas Aug. 18, 2015, pet. ref'd) (mem. op., not designated for publication); *Hernandez v. State*, 351 S.W.3d 156, 160 (Tex. App.—Texarkana 2011, pet. ref'd). We will not reverse the trial court unless a clear abuse of discretion is shown. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). If the trial court's decision is within the zone of reasonable disagreement, the trial court has not abused its discretion, and we will uphold the trial court's ruling. *De La Paz*, 279 S.W.3d at 343–44; *Williams*, 2015 WL 4931447, at *4; *Hernandez*, 351. S.W.3d at 160. A trial court's ruling that admits extraneous acts is generally within the zone of reasonable disagreement if the evidence shows that "1) an extraneous transaction is relevant to a material, non-propensity issue, and 2) the probative value of that evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury." *De La Paz*, 279 S.W.3d at 344. Furthermore, the trial court's evidentiary ruling will not be disturbed if it is correct on any theory of law

applicable to that ruling. *Id.*; *Williams*, 2015 WL 4931447, at \*4; *Hernandez*, 351 S.W.3d at 160–61.

Rule 404(b) allows the admission of evidence of other crimes, wrongs, or acts for purposes other than to "prove the character of a person in order to show action in conformity therewith." TEX. R. EVID. 404(b); *Montgomery v. State*, 810 S.W.2d 372, 387–88 (Tex. Crim. App. 1990). Whether extraneous-offense evidence has relevance other than for character conformity is a question for the trial court. *De La Paz*, 279 S.W.3d at 343. The trial court must also balance between the probative value of the evidence and the counter factors set out in Rule 403, although that balance is slanted toward the admission of otherwise relevant evidence. *Id.*; *Montgomery*, 810 S.W.2d at 388; *see* TEX. R. EVID. 403. In considering this balancing test, courts consider: (1) how compellingly the extraneous offense evidence serves to make a fact of consequence more or less probable—a factor which is related to the strength of the evidence presented by the proponent to show the defendant in fact committed the extraneous offense; (2) the potential the other offense evidence has to impress the jury "in some irrational but nevertheless indelible way[";] (3) the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense; and (4) the force of the proponent's need for this evidence to prove a fact of consequence, *i.e.*, does the proponent have other probative evidence available to him to help establish this fact, and is this fact related to an issue in dispute. *De La Paz*, 279 S.W. 3d at 348–49 (citing *Wyatt v. State*, 23 S.W.3d 18, 26 (Tex. Crim. App. 2000)).

## Evidence of Other Burglaries

Doug Atkinson owns Scott's Crossing General Store in Murchison, Texas. He testified that he received a call from his security system on November 3, 2016, regarding a break-in. The door to the store had been "busted in" and several items, including cigarettes had been taken. Atkinson further testified that the door had been "busted in with a crowbar or a big bar of some type."

Thomas Smith, the owner of Smith Lumber Company, testified that he came to work on the morning of January 3, 2017, to find the door kicked in and his nail guns missing. Smith testified that one of the men involved in the burglary had a black trash bag. Another man was seen in the surveillance photographs wearing a dark hoodie or mask and carrying something in his hand.

Matthew Hurst, partial owner of a Schlotzsky's, testified that he received a call from his father the morning of January 3, 2017, regarding an alarm at the restaurant alerting them to a break-

in. The surveillance footage from the restaurant showed two suspects carrying a pry bar or crowbar. Another suspect is seen wearing a ski mask and a two-tone jacket.

Amir Jafri testified that he received a call from his security system informing him of a break-in at his gas station, Easy Way #1, on January 7, 2017. He stated that his surveillance footage showed "some people" trying to cut the lock, attempting to pry open the door with rebar, and running away once the alarm sounded. He further testified that the surveillance video, which was played for the jury, showed a suspect wearing a two-toned jacket and carrying a trash bag and a bar or hammer.

Jose Gomez, a criminal investigations special agent with the Texas Department of Public Safety, testified that he received a call from a deputy in the Henderson County Sheriff's Department, seeking assistance on a string of burglaries. He further testified that he was able to identify Appellant from the surveillance footage at Scott's Crossing General Store because he knew him from the community. Gomez reviewed the surveillance footage from Scott's Crossing, Smith Lumber, Schlotzsky's, Easy Way #1, and Texas Car Title and Payday Loan. He testified that he recognized a two-tone jacket in "just about every burglary" that he reviewed. Gomez further stated as follows:

> Q. What else did you find common about these videos? Again, we're just talking about the five specific ones. The specific ones I mentioned?
> A. Okay. Well, I found the jacket, the gloves, the crowbar, and the way they were doing it, every time and obviously what they were taking.
> Q. Okay. Kind of the old smash and grab what we call it?
> A. Smash and grab. Crowbar to pry the doors and enter and sometimes they would wait to see if the alarm would go off or not and then enter.
> Q. Was a yellow crowbar a common?
> A. That was very distinctive. From the very beginning of the investigation we kind of named or investigation and that's what I named this one the yellow crooked bar. I mean, it's a -- so that -- because of that reason. That was the main thing that stuck out to me.
> Q. And fair to say that in all of those, with the exception of that photo number 56 that I just showed you, they are all covered with masks?
> A. That's correct. And it looks like in all the videos they either cover their masks[sic] with either a dark ski mask or camouflage and gloves.

## Analysis

Appellant contends that the burglaries are "extraneous offenses" and that evidence of the burglaries should have been excluded under Rule 404(b).

By definition, extraneous offenses are "extra, beyond, or foreign to the offense for which the party is on trial." *McDonald v. State*, 692 S.W.2d 169, 173 (Tex. App.—Houston [1st Dist.]

4

1985, pet. ref'd) (citing **Ridinger v. State**, 174 S.W.2d 319, 320 (Tex. Crim. App. 1943)). Otherwise stated, an extraneous offense is any act of misconduct, whether resulting in prosecution or not, that is not shown in the charging paper. **Id.** (citing **Gomez v. State**, 626 S.W.2d 113, 114 (Tex. App.—Corpus Christi 1981, pet. ref'd)).

The indictment reads in pertinent part as follows:

> David Earl Jackson hereinafter styled Defendant, on or about the 9th day of January A.D. 2017 and before the presentation of this Indictment, in the County and State aforesaid, did then and there, with intent to commit theft, enter a building or a portion of a building not then open to the public, without the effective consent of K. Rodriguez, or a designee from Texas Car Title and Payday Loan, the owner thereof;
>
> And the defendant did then and there commit the offense with the intent to establish, maintain, or participate in a combination or in the profits of a combination who collaborated in carrying on the criminal activity.

As pertinent here, a person commits the offense of engaging in organized criminal activity if he, with the intent to establish, maintain or participate in a combination or in the profits of a combination, commits or conspires to commit burglary. TEX. PENAL CODE ANN. § 71.02(a)(1) (West Supp. 2019). Where, as here, the indictment charges appellant collaborated in more than one act, those acts are, by definition, not "extraneous" to the offense charged. **McDonald**, 692 S.W.2d at 173; *see* **Ridinger**, 174 S.W.2d at 320; **Gomez**, 626 S.W.2d at 114. The burglaries at issue were the basis of the State's case alleging Appellant engaged in organized criminal activity. As such, they were not extraneous offenses.

The evidence was relevant to the element of combination and the collaboration in carrying on criminal activities; thus, its probative value was not "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." *See* TEX. R. EVID. 403; *see also* **Marban v. State**, No. 09-07-00360-CR, 2009 WL 2618343, at *5 (Tex. App.—Beaumont Aug. 26, 2009, no pet.) (mem. op., not designated for publication) (testimony that stolen parts were removed from Marban's residence after his arrest, plus testimony that Marban purchased stolen parts, was probative evidence of the elements of the offense of engaging in organized criminal activity). The evidence tended to prove Appellant had the intent to establish, maintain, or participate in a combination or in the profits of a combination, an essential element of the offense of engaging in organized criminal activity. *See* **Marban**, 2009 WL 2618343, at *5; *see also* TEX. R. EVID. 404(b).

Accordingly, we hold that the trial court did not err in admitting evidence of the prior burglaries since they were part and parcel of the offenses charged. *See **McDonald***, 692 S.W.2d at 173. Moreover, because the other offenses brought out at trial were not "extraneous," no limiting instruction was necessary. *See **id.*** at 173-74; ***Arivette v. State***, 513 S.W.2d 857, 864 (Tex. Crim. App. 1974). We overrule Appellant's first issue.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

In his second issue, Appellant contends he received ineffective assistance of counsel when trial counsel failed to request a limiting instruction for the "extraneous offenses."

## Governing Law

In reviewing an ineffective assistance of counsel claim, we apply the United States Supreme Court's two-pronged test established in ***Strickland v. Washington***, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). ***Hernandez v. State***, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986). To prevail on an ineffective assistance of counsel claim, an appellant must show that (1) trial counsel's representation was deficient, and (2) the deficient performance prejudiced the defense to the extent that there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. ***Strickland***, 466 U.S. at 687, 104 S. Ct. at 2064. An appellant must prove both prongs of ***Strickland*** by a preponderance of the evidence. ***Tong v. State***, 25 S.W.3d 707, 712 (Tex. Crim. App. 2002). Failure to make the required showing of either deficient performance or sufficient prejudice defeats an appellant's ineffectiveness claim. ***Thompson v. State***, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

To establish deficient performance, an appellant must show that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See **Strickland***, 466 U.S. at 687–88, 104 S. Ct. at 2064–65. "This requires showing that [trial] counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." ***Id.***, 466 U.S. at 687, 104 S. Ct. at 2064. To establish prejudice, an appellant must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. ***Id.***, 466 U.S. at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. ***Id.*** When it is easier for a reviewing court to dispose of an ineffective assistance of counsel claim on the ground of lack of sufficient prejudice without determining whether counsel's

6

performance was deficient, the court should follow that course. *Id.*, 466 U.S. at 697, 104 S. Ct. 2069.

Review of trial counsel's representation is highly deferential. *See id.*, 466 U.S. at 689, 104 S. Ct. at 2065. In our review, we indulge a strong presumption that trial counsel's actions fell within a wide range of reasonable and professional assistance. *Id.* It is the appellant's burden to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.*; *Tong*, 25 S.W.3d at 712. Moreover, "[a]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson*, 9 S.W.3d at 813 (citation omitted). When, as here, no record specifically focusing on trial counsel's conduct was developed at a hearing on a motion for new trial, it is extremely difficult to show that counsel's performance was deficient. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Thompson*, 9 S.W.3d at 814. Absent an opportunity for trial counsel to explain the conduct in question, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (citation omitted).

**Evaluation of Trial Counsel's Representation**

On appeal, Appellant alleges that his attorney's performance at trial fell below the professional norm because he failed to request a limiting instruction for the "extraneous offenses." However, as discussed above, the prior burglaries are not "extraneous offenses" because they are part and parcel of the engaging in organized criminal activity charge. Therefore, no limiting instruction was necessary or warranted. *See McDonald*, 692 S.W.2d at 173-74; *Arivette*, 513 S.W.2d at 864. Under such circumstances, Appellant's trial counsel did not render ineffective assistance in failing to request or object to the omission of the instructions in the jury charge when he could have determined that the instructions were not applicable to the case. *See Aldaba v. State*, 382 S.W.3d 424, 432 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). Accordingly, under the circumstances of this case, we conclude Appellant failed to rebut the presumption that trial counsel's actions were reasonably professional and motivated by sound trial strategy. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *see also Tong*, 25 S.W.3d at 712; *Thompson*, 9 S.W.3d at 813; *Perez v. State*, 56 S.W.3d 727, 731-32 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Appellant's second issue is overruled.

## DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered November 27, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 27, 2019**

**NO. 12-18-00338-CR**

**DAVID EARL JACKSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Henderson County, Texas (Tr.Ct.No. CR17-0668-3)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*