PD-1082-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/19/2015 2:00:14 PM
Accepted 8/20/2015 1:09:36 PM
ABEL ACOSTA
CLERK

PD-_____

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

ALCADIO CERVANTEZ,
PETITIONER

v.

THE STATE OF TEXAS

\* \* \* \* \* \* \* \* \* \*

Petition in Cause No. 2007-418,585, from the
364th District Court of Lubbock County, Texas,
Hon. Bradley Underwood presiding
and Cause No. 07-14-00336-CR in the Court of Appeals
for the Seventh Supreme Judicial District of Texas

\* \* \* \* \* \* \* \* \* \*

PETITION FOR DISCRETIONARY REVIEW

David Crook, Crook & Jordan
Attorneys-at-Law
PO Box 94590
(806) 744-2082
(806) 744-2083 Fax
dcrook@nts-online.net

Attorney for the Petitioner,
ALCADIO CERVANTEZ

FILED IN
COURT OF CRIMINAL APPEALS

August 20, 2015

ABEL ACOSTA, CLERK

**IDENTITY OF JUDGE, PARTIES, AND COUNSEL**
(RULE 68.4(a), TEX. R. APP. PROC.)

A complete list of all parties to the trial court's judgment or order appealed from, and the names and addresses of all trial and appellate counsel includes:

ALCADIO CERVANTEZ, Petitioner
TDCJ#01962491
Fort Stockton Unit
1536 East IH-10
Fort Stockton, TX 79735

THE STATE OF TEXAS, Respondent


FOR THE PETITIONER:

DAVID CROOK, Crook & Jordan
PO Box 94590
Lubbock, Texas 79493
(806)744-2082
 (806) 744-2083 (fax)
State Bar No. 05109530
Attorney for the Petitioner

TRIAL COURT JUDGE:

Hon. Bradley Underwood
Lubbock County Courthouse
904 Broadway
364th District Court, Lubbock County
PO Box 10536
Lubbock, TX 79408-3536
(806) 775-1026
(806) 775-7996 (fax)

FOR THE STATE OF TEXAS:

MR. JEFF FORD
ATTORNEY FOR THE
STATE OF TEXAS
Office of the District Attorney
Lubbock County
PO Box 10536
Lubbock, TX 79408-3536
(806) 775-1100
(806) 775-1154 (fax)

Hon. LISA McMINN
State Prosecuting Attorney
PO Box 12405
Austin, TX 78711
(512) 463-1660
(512) 463-5724 (fax)

## TABLE OF CONTENTS
(RULE 68.4(a), TEX. R. APP. PROC.)

*PAGE*

PARTIES ……………………………………………..……………………………2

TABLE OF CONTENTS ……………………………………………………………..…3

INDEX OF AUTHORITIES …………………………………………………………..4

STATEMENT REGARDING ORAL ARGUMENT ……………………………………………7

STATEMENT OF THE CASE …………………………………………………………...7

STATEMENT OF PROCEDURAL HISTORY …………………………………..…........8

PETITIONER'S GROUNDS FOR REVIEW …………………………………………….....8

**NUMBER ONE: THE COURT OF APPEALS ERRED BY FINDING THAT THE TRIAL COURT DID NOT ABUSE ITS DISCRETION BY OVERRULING APPELLANT'S MOTION TO SUPPRESS HIS CONFESSION AND ADMISSIONS AND SUBSEQUENTLY ALLOWING TESTIMONY AS TO THE CONFESSION BEFORE THE JURY, WHERE THE STATE FAILED TO SHOW BY A PREPONDERANCE OF THE EVIDENCE THAT THE CONFESSION WAS NOT OBTAINED BY IMPROPER INDUCEMENT OR FRAUD.**

REASONS FOR REVIEW …………………………………………………..……………..8

**AS TO GROUNDS NUMBER ONE: THE DECISION OF THE COURT OF APPEALS CONFLICTS WITH THE APPLICABLE DECISIONS OF THE SUPREME COURT OF THE UNITED STATES.**

ARGUMENT……………………………………………………………………...9

CONCLUSION AND PRAYER …………………………………………...…………...17

CERTIFICATE OF COMPLIANCE………………………………………………………18

CERTIFICATE OF SERVICE ……………………………………………………………18

APPENDIX …………………………………………………………………….......19

## INDEX OF AUTHORITIES
### (RULE 68.4(b), TEX. R. APP. PROC.)

*PAGE*

**Constitutional Provisions**

U.S. CONST. Amend. V…………………………………………………………………9,11

U.S. CONST. Amend. VI…………………………………………………………………..11

U.S. CONST. Amend. XIV………………………………………………………………9,11

**Case Law, Federal**

*Colorado v. Connelly*, 479 U.S. 157, 168 (1986)……………………………………………14,17

*Jackson v. Denno*, 378 U.S. 368, 380 (1964)……………………………………………………14

**State Statutory Law**

TEX. CRIM. PROC. Art. 38.22…………………………………………………………...9

TEX. CRIM. PROC. Art. 38.23…………………………………………………………...9

**Case Law, State**

*Alvarado v. State*, 853 S.W.2d 17, 19, n. 4 (Tex. Crim. App. 1993)……………………………13

*Alvarado v. State*, 912 S.W.2d 199, 211 (Tex. Crim. App. 1995)………………………………12

*Benefield v. State*, 994 S.W.2d 697 (Tex. App.—Houston (1st Dist.) 1999, pet. ref'd)………….15

*Berry v. State*, 582 S.W.2d 463, 465 (Tex. Crim. App. 1979)……………………………………...14

*Burdine v. State*, 719 S.W.2d 309, 318 (Tex. Crim. App. 1986)………………………………...15

*Drake v. State*, 123 S.W.3d 596, 603 (Tex. App.—Houston (14th Dist.) 2004, pet. ref'd.)….13,15

*Espinosa v. State*, 899 S.W.2d 359, 363 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd)…...13

*Faulder v. State*, 611 S.W.2d 630, 641-642 (Tex. Crim. App. 1980, *cert. denied*, 449
U.S. 874 (1980)………………………………………………………………………...14

*Hardesty v. State*, 667 S.W.2d 130, 133, n. 6 (Tex. Crim. App. 1984)…………………………15

*Hererra v. State*, 194 S.W.3d 656 (Tex. App.—Houston (14th Dist.) 2006, pet. ref'd)…………13

*Hoya v. State*, 982 S.W.2d 419, 422 (Tex. Crim. App. 1998)……………………………………...15

*Jackson v. State*, 705 S.W.2d 227, 231 (Tex. App.—Dallas 1986, pet. ref'd)…………………..14

*Kearney v. State*, 181 S.W.3d 438 (Tex. App.—Waco 2006, pet. ref'd)…………………14,15,17

*Martinez v. State*, 127 S.W.3d 792, 794 (Tex. Crim. App. 2004)…………………………………13

*Martinez v. State*, 131 S.W.3d 22 (Tex. App.—San Antonio 2003, no pet.)…………………14,17

*McBride v. State*, 803 S.W.2d 741, 745 (Tex. App.—Dallas 1990, pet. dis.)………………..15,17

*Muniz v. State*, 851 S.W.2d 238, 254 (Tex. Crim. App. 1993)……………………………………14

*May v. State*, 139 S.W.3d 93, 100 (Tex. App.—Texarkana 2004, pet. ref'd)……………….…...13

*Oursbourn v. State*, 259 S.W.3d 159 (Tex. Crim. App. 2008)……………………………………..13

*Sells v. State*, 121 S.W.3d 748 (Tex. Crim. App. 2003)…………………………………………12

*Sinegal v. State*, 582 S.W.2d 135, 137 (Tex. Crim. App. 1979)…………………………………17

*Smith v. State*, 779 S.W.2d 417, 427 (Tex. Crim. App. 1989)……………………………………13

*Tinlin v. State*, 983 S.W.2d 65 (Tex. App.—Fort Worth 1998, pet. ref'd)……………………...13,14

*Wolfe v. State*, 917 S.W.2d 270, 282 (Tex. Crim. App. 1996)……………………………………13

*Zuliani v. State*, 903 S.W.2d 812, 820-821 (Tex. App.—Austin 1995, pet. ref'd.)………12,13,15

PD-_____

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

ALCADIO CERVANTEZ,
PETITIONER

v.

THE STATE OF TEXAS

\* \* \* \* \* \* \* \* \* \*

Petition in Cause No. 2007-418,585, from the
364th District Court of Lubbock County, Texas,
Hon. Bradley Underwood presiding
and Cause No. 07-14-00336-CR in the Court of Appeals
for the Seventh Supreme Judicial District of Texas

\* \* \* \* \* \* \* \* \* \*

PETITION FOR DISCRETIONARY REVIEW

David Crook, Crook & Jordan
Attorneys-at-Law
PO Box 94590
(806) 744-2082
(806) 744-2083 Fax

Attorney for the Petitioner,
ALCADIO CERVANTEZ

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW ALCADIO CERVANTEZ, Petitioner, by and through his attorney of

record, DAVID CROOK, and petitions the Court of Criminal Appeals of Texas to exercise its

discretionary jurisdiction to review the judgment of the Court of Appeals for the Seventh District

of Texas, Amarillo, Texas.  In support of this Petition, he would show this Honorable Court as follows.

## STATEMENT REGARDING ORAL ARGUMENT
### (RULE 68.4(c), TEX. R. APP. PROC.)

The grounds for review set forth in this petition concern the failure of the court of appeals to follow binding precedent; oral argument would be helpful to the Court in distinguishing the factual background of the case as shown in the record inasmuch as the facts of the case play an important role in defining the implications of Petitioner's argument.

## STATEMENT OF THE CASE
### (RULE 68.4(d), TEX. R. APP. PROC.)

On December 18, 2007, Petitioner was charged in a four-count indictment. He was charged with Aggravated Sexual Assault (anal) pursuant to Penal Code § 22.021 [Count I], Aggravated Sexual Assault (vaginal) pursuant to Penal Code § 22.021 [Count II], Indecency by Contact (with the alleged victim being Xxxxxxx Xxxxxx) pursuant to Penal Code § 21.11(a)(1) [Count III], and another count of Indecency by Contact (with the alleged victim being ------- ------) pursuant to Penal Code § 21.11(a)(1) [Count IV].

An evidentiary pretrial hearing was held in the case on September 25, 2008 (RR v. 3). Petitioner's jury trial on guilt-innocence commenced on August 4, 2014 in the 364th District Court, Hon. Bradley Underwood presiding.  Petitioner was acquitted of Aggravated Sexual Assault [Count I] but was convicted of Indecency with a Child by Contact [Count III] (CR v. p. 174).  Sentencing proceedings took before the jury.  On August 14, 2014, the jury sentenced Petitioner to seventeen (17) years imprisonment in the Texas Department of Criminal Justice, Institutional Division (RR v. 6, p. 128, CR pp. 75).

Petitioner filed a motion for new trial on September 5, 2014 (CR p. 188). Petitioner perfected appeal on September 8th, 2014 (CR p. 191).

## STATEMENT OF PROCEDURAL HISTORY
(RULE 68.4(e), TEX. R. APP. PROC.)

The Seventh Court of Appeals rendered its decision affirming petitioner's conviction on July 20, 2015, in an unpublished Memorandum Opinion. No motion for rehearing was filed by Petitioner. This petition was filed with the clerk of the Court of Criminal Appeals within the time allowed by law.

**PETITIONER'S GROUNDS FOR REVIEW**:

**NUMBER ONE: THE COURT OF APPEALS ERRED BY FINDING THAT THE TRIAL COURT DID NOT ABUSE ITS DISCRETION BY OVERRULING APPELLANT'S MOTION TO SUPPRESS HIS CONFESSION AND ADMISSIONS AND SUBSEQUENTLY ALLOWING TESTIMONY AS TO THE CONFESSION BEFORE THE JURY, WHERE THE STATE FAILED TO SHOW BY A PREPONDERANCE OF THE EVIDENCE THAT THE CONFESSION WAS NOT OBTAINED BY IMPROPER INDUCEMENT OR FRAUD.**

**REASONS FOR REVIEW**:

**AS TO GROUNDS NUMBER ONE: THE DECISION OF THE COURT OF APPEALS CONFLICTS WITH THE APPLICABLE DECISIONS OF THE SUPREME COURT OF THE UNITED STATES.**

**ARGUMENT**

**NUMBER ONE: THE COURT OF APPEALS ERRED BY FINDING THAT THE TRIAL COURT DID NOT ABUSE ITS DISCRETION BY OVERRULING APPELLANT'S MOTION TO SUPPRESS HIS CONFESSION AND ADMISSIONS AND SUBSEQUENTLY ALLOWING TESTIMONY AS TO THE CONFESSION BEFORE THE JURY, WHERE THE STATE FAILED TO SHOW BY A PREPONDERANCE OF THE EVIDENCE THAT THE CONFESSION WAS NOT OBTAINED BY IMPROPER INDUCEMENT OR FRAUD.**

*Applicable Portions of the Record*

Petitioner early filed his *Motion to Suppress Confessions/Admissions and for Evidentiary Hearing*. In its original form, it averred that the confession of October 3, 2007, had been secured by fraud, and violated his rights under the 5th and 14th Amendments to the Constitution, along with articles 38.22 and 38.23 of the Texas Code of Criminal Procedure (CR pp. 92-94).

At the evidentiary hearing on Petitioner's suppression motion regarding his written statement, Detective John Bentley of Lubbock PD testified that he took a statement from Petitioner on October 1st, 2007 (RR v. 3, pp. 59-60). This statement was exculpatory. Bentley later took a second statement from Petitioner on October 3rd, 2007, which contained certain purported admissions arguably meeting the statutory elements of the offense of Indecency with a Child.

On cross-examination, at the pretrial suppression hearing, Bentley said he had no independent recollection of the conversation with Petitioner on October 1, 2007 (RR v. 3, p. 69). Bentley could not recall Petitioner saying anything that night that contradicted his written, exculpatory statement (RR v. 3, p. 70). Bentley did not make any mechanical recording of the first interview of any sort (RR v. 3, pp. 70-71). With regard to the second session on October 3rd, Bentley likewise said that he could recall no admissions other than what appeared in the written statement (RR v. 3, p. 75). Bentley seemed to tacitly admit (?) that it was standard LPD practice

9

to give subjects a polygraph test, and then tell them that they had failed it, to attempt to elicit a confession (RR v. 3, p. 76). The second session, on October 3rd, 2007, was also not recorded by any means (RR v. 3, pp. 76-77). Bentley could or would not give any particular reason why such statements were not recorded, a step of obvious utility in these situations (RR v. 3, p. 77).

Petitioner testified at the suppression hearing about his encounters with Bentley (RR v. 3, p. 80). Petitioner described giving the first [exculpatory] statement on October 1st (RR v. 3, pp. 82-83). He also testified about taking the polygraph test on October 3rd; he stated that the examiner's manner got more aggressive after Petitioner supposedly failed the test (RR v. 3, pp. 87-88). When Bentley interviewed Petitioner for a second time on that occasion, Bentley told Petitioner that since Jasmine had accused him, he was more than likely going to be sent to "jail," but if Petitioner "worked with" Bentley, Bentley would "talk to the D.A. and get [him] probation." Petitioner testified that he was confronted with a choice; confess or go to "jail" (RR v. 3, p. 89). Bentley estimated Petitioner's "jail" term at "five to twenty" (RR v. 3, p. 89). Counsel then approached Petitioner with the second written statement. After examining it, Petitioner denied telling Bentley the inculpatory things contained with in it (RR v. 3, pp. 90-91). Petitioner denied reading the statement before signing it (RR v. 3, p. 92).

The State recalled Bentley to the stand. Bentley denied promising Petitioner probation. Bentley denied making up anything, other than "paraphrasing" before giving Petitioner a chance to read the statement (RR v. 3, p. 99).

After the evidentiary portion of the hearing was over, the Court made findings adverse to Petitioner on the confession issue (RR v. 3, p. 113).

When trial started, before jury selection, Petitioner added a new objection to Bentley's testimony about his second statement from October 3, 2007, citing "improper inducement" as an

additional basis of objection. Petitioner incorporated his earlier objections and added the "improper inducement" objection, on the basis of the 5th, 6th, and 14th Amendments. The Court overruled the various objections, and granted a running objection (RR v. 6, p. 9). The Court made no additional findings in any form at that time, or later in or after the trial, simply overruling the objections (RR v. 4, pp. 8-9).

During trial, before the jury, when asked about any offer of any sort of deal being offered to Petitioner to get the statement, Bentley denied it (RR v. 5, p. 258). He said (again) that he didn't remember anything about the October 1st sessions with Appellant other than what was in the resulting written statement (RR v. 5, pp. 265-266). Bentley in effect stated that he remembered nothing about the October 3rd session, saying, "What I've got here is what I can recall to sir" [the written statement] (RR v. 5, p. 265). He later said, in response to a question assuming he didn't remember anything but the written statement, "I don't recall very much about it, no sir" (RR v. 5, p. 266). Bentley confirmed that the initial session on October 1st was not videotaped or electronically recorded in any way. He also decided not to record the session on October 3rd, 2007 (RR v. 5, p. 267). Again, re the second interview, on October 3rd, crossed on whether or not he told Petitioner on that occasion that Petitioner was looking at prison time, Bentley said that he did not recall telling him that. He also said that he did not recall telling Petitioner that the fact that a child's testimony against him was enough for an area jury to convict, and that this meant he was going to prison unless he, Bentley, interceded with the District Attorney's office to get Petitioner probation (RR v. 5, pp. 273-274). Bentley denied that Petitioner was duly frightened, but did not recall his demeanor (RR v. 5, p. 274). Bentley also denied that the rather odd language in the statement of October 3rd was his (RR v. 5, pp. 274-275). Although Bentley had already denied having any specific recollection of that night other

11

than the written statement, he testified that he did not threaten Petitioner with prison and did not offer to intercede with the State to get him probation (RR v. 5, p. 275).

When Petitioner testified before the jury re the second interview, he stated that Bentley told him that he would help him get probation and talked about the likely result of a long prison term (RR v. 6, p. 114). According to Petitioner, Bentley told him that he would intercede with the D.A. and try to get him probation (RR v. 6, p. 118).

Petitioner let Bentley write the statement, which Bentley did. He claimed he did not read the statement at the time, although he signed it (RR v. 6, pp. 119-120). He stated that the key inculpatory phrases in it were Bentley's. Petitioner maintained that he did not do what the statement said. He thought that by signing he was contracting for probation; he believed that Bentley was going to try to help him (RR v. 6, p. 122).

<em>Applicable Law</em>

A confession obtained in a manner that violates either statute law or the Due Process provisions of the federal Constitution is not admissible. A defendant in a criminal case is deprived of Due Process, and a resulting confession is inadmissible as a matter of law, if there is a showing that the evidence was obtained by coercion, threats, or fear. *Zuliani v. State*, 903 S.W.2d 812, 820-821 (Tex. App.—Austin 1995, pet. ref'd.).

Confessions are involuntary under the Due Process Clause when there is police overreaching, i.e. official coercive conduct of such a nature that any statement obtained thereby was unlikely to have been the produce of a free choice by its maker. *Alvarado v. State*, 912 S.W.2d 199, 211 (Tex. Crim. App. 1995). Due process is violated through the use of an involuntary confession even if there is ample evidence aside from the confession to support the conviction. *Sells v. State*, 121 S.W.3d 748 (Tex. Crim. App. 2003). Due Process claims of

involuntariness involve an objective assessment of police behavior. *Oursbourn v. State*, 259 S.W.3d 159 (Tex. Crim. App. 2008). However, even in the absence of custody, admitting confessions that are not voluntarily given violates Due Process. *May v. State*, 139 S.W.3d 93, 100 (Tex. App.—Texarkana 2004, pet. ref'd), *Wolfe v. State*, 917 S.W.2d 270, 282 (Tex. Crim. App. 1996). A statement is not voluntary if there was "official coercive conduct of such a nature that any statement obtained thereby was unlikely to have been the product of an essentially free and unconstrained choice by its maker." *Tinlin v. State*, 983 S.W.2d 65 (Tex. App.—Fort Worth 1998, pet. ref'd), citing *Alvarado v. State*, 853 S.W.2d 17, 19, n. 4 (Tex. Crim. App. 1993), *Smith v. State*, 779 S.W.2d 417, 427 (Tex. Crim. App. 1989), *May*, *supra*, at 100.

A thematic variation of coercive conduct is the use of improper inducement. Texas law uses a four-prong test when evaluating whether police made an improper inducement so as to render a confession inadmissible. To do so, there must be (1) a promise of some benefit to the accused, (2) that is positive, (3) made or sanctioned by someone in authority, (4) that is such an influential nature that it would cause a defendant to speak untruthfully. *Martinez v. State*, 127 S.W.3d 792, 794 (Tex. Crim. App. 2004), *Espinosa v. State*, 899 S.W.2d 359, 363 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd), *Hererra v. State*, 194 S.W.3d 656 (Tex. App.—Houston (14th Dist.) 2006, pet. ref'd.). The truth or falsity of the confession is immaterial under either state or federal law; the question is whether or not the promise likely would lead to a false confession. *Martinez* at 794-5. A finding of coercion need not depend upon actual violence by a governmental agent. The question for admissibility in this context is whether the accused's will was overborne when he confessed; a confession must be the product of an essentially free and unconstrained choice by its maker. *Zuliani, supra*, at 821 (Tex. App.—Austin 1995, pet. ref'd). The promise must be shown to have induced the confession. *Drake v. State*, 123 S.W.3d 596,

13

603 (Tex. App.—Houston (14th Dist.) 2004, pet. ref'd.), *Muniz v. State*, 851 S.W.2d 238, 254 (Tex. Crim. App. 1993). A confession is invalid if it was induced by a promise that was positive, made or sanctioned by someone in authority, and of such an influential nature that it would cause a defendant to speak untruthfully.

Once the issue is raised via a motion to suppress a statement on the grounds of involuntariness, the Due Process guarantee requires a trial court to hold a hearing on the admissibility of the statement outside the presence of the jury. *Jackson v. Denno*, 378 U.S. 368, 380 (1964). At such a hearing the burden is on the State to prove that the confession was voluntarily given when the issue of voluntariness has been raised. The State must show that the defendant clearly indicated a willingness to waive the constitutional right against self-incrimination. *Faulder v. State*, 611 S.W.2d 630, 641-642 (Tex. Crim. App. 1980, *cert. denied*, 449 U.S. 874 (1980). Once the matter is raised, the State has the burden of persuasion. *Jackson v. State*, 705 S.W.2d 227, 231 (Tex. App.—Dallas 1986, pet. ref'd). The standard to be met [for the hearing before the court] is proof by a preponderance of the evidence. *Colorado v. Connelly*, 479 U.S. 157, 168 (1986), *Martinez v. State*, 131 S.W.3d 22 (Tex. App.—San Antonio 2003, no pet.).

*Standard of Review*

The question of the voluntariness of a confession is based upon an examination of the totality of circumstances surrounding the acquisition. *Tinlin*, *supra*, at 71, *Berry v. State*, 582 S.W.2d 463, 465 (Tex. Crim. App. 1979), *Kearney v. State*, 181 S.W.3d 438 (Tex. App.—Waco 2006, pet. ref'd).

A trial court is the sole trier of fact at a hearing on a motion to suppress. The reviewing court is not to disturb any finding that is supported by the record. Since the trial court is the sole

14

judge of the witnesses' credibility, unless there is an abuse of discretion, the trial court's findings on the voluntariness of a confession will not be disturbed. *Benefield v. State*, 994 S.W.2d 697 (Tex. App.—Houston (1st Dist.) 1999, pet. ref'd), *Martinez, supra.* An appellate court is not at liberty to disturb any finding that is supported by the record. *Sells, supra*, at 767. If the record supports a trial court's findings of fact, the reviewing court's only inquiry will be whether the trial court properly applied the law to the facts. *Burdine v. State*, 719 S.W.2d 309, 318 (Tex. Crim. App. 1986). The trial court's findings will not be disturbed unless there is a clear abuse of discretion. *Kearney, supra*, at 443. However, the State must satisfactorily explain the coercion allegations so that the confession is not the "fruit of the poisonous tree." *McBride v. State*, 803 S.W.2d 741, 745 (Tex. App.—Dallas 1990, pet. dis.).

*Argument*

Generally, an appellate court must review the trial court's ruling on the admissibility of evidence in the light of what was before the trial court at the time the court ruled. *Drake, supra*, at 605, *Hoya v. State*, 982 S.W.2d 419, 422 (Tex. Crim. App. 1998), *Hardesty v. State*, 667 S.W.2d 130, 133, n. 6 (Tex. Crim. App. 1984). However, that general rule is inapplicable where the suppression issue was consensually re-litigated by the parties during trial on the merits. Where the matter is reopened, the reviewing court will consider the trial testimony regarding the suppression issue also. *Kearney, supra*, at pp. 446-447. Whenever an accused's testimony of alleged coercion is undisputed, the resulting confession is inadmissible as a matter of law. *Zuliani, supra*, at 821.

Petitioner avers that the Court of Appeals erred by failing to find that the Trial Court made an erroneous finding with regard to the factual aspects of the suppression issue. Under *Kearney, supra*], since Petitioner chose to re-litigate the suppression issue with his supposed

15

confession before the jury, all aspects of the suppression record are before the reviewing court. One factor in this calculation is the additional objection stated verbally by Petitioner, on the record, with regard to the claim of improper inducement.  In his testimony before the jury, Petitioner added his own assertion that he would not have signed the statement without Bentley's promise of probation (RR v. 6, p. 125).   In his testimony before the Court during the evidentiary pretrial hearing, he testified to Bentley offering him a specific benefit, that is, Bentley would go to the DA and get Appellant probation (RR v. 3, p. 89).

As a preliminary observation, Bentley's testimony was beset by fairly obvious evasions. Both before the Court in the pretrial hearing (RR v. 3, p. 77), and before the jury (RR v. 5, p. 267), he said that he had absolutely no plausible reason for not electronically recording his sessions with Petitioner, an operational mode that should have prevented any subsequent fuss.

Petitioner submits as a question of possible first impression [in view of the unusually evasive and amnesiac nature of the officer's testimony] that the Court of Appeals erred in finding that the Trial Court did not abuse its discretion in allowing his supposed confession into evidence. The Trial Court's factual findings [incomplete as they are; especially as to the second (trial) objection] should not stand because Bentley's testimony was fatally self-contradictory. That is, Bentley testified both before the Court (RR v. 3, p. 75) and later before the jury (RR v. 5, pp. 265-266) that he had no independent recollection of the October 3rd session with Petitioner. Given that state of affairs, how he could purport to deny making any promises remains unexplained.  His answers to critical questions tended to be couched in terms of his not being able to recall something rather than as an absolute denial (RR v. 5, pp. 273-274).  By contrast, Petitioner's testimony about their sessions together was specific.  Again, once claims of improper coercion with regard to a confession are put forward, the case law says that it is

incumbent upon the State to disprove them by a preponderance of the evidence. See *Colorado v. Connelly* and *Martinez, supra*. How can that have been done here, given the State's burden of proof, where Petitioner made specific claims showing improper inducement and fraud and backed them up with specific testimony, and Bentley, while denying what Petitioner said, also testified on every occasion that he had no specific recollection of the event? In such a case an abuse of discretion has been shown, pursuant to holdings such as that of *Kearny, supra*, and the State has not satisfactorily explained the coercion allegations, as per *McBride, supra*. More particularly, on the peculiarities of this record the State failed to prove the constitutional validity of the confession by a preponderance of the evidence, as required by the holding of the U.S. Supreme Court in *Colorado v. Connelly, supra*. The finding of admissibility should not have been made where the State has the burden of proof and the State's evidence of a voluntary confession materially contradicted itself. Where the leading State's witness testifies twice that he has no independent recollections of the events he goes on to testify about, what he testifies to should be of no probative value. The opinion of the Court of Appeals effectively failed to address the weakness of the State's evidence in view of the officer's profound problems of memory and recollection, considering that the State has the burden of proof in this regard (*Opinion of the Court of Appeals*, pp. 8-9). Whenever the testimony of an accused is undisputed as to alleged coercive acts [effectively the case here], the confession is inadmissible as a matter of law. *Sinegal v. State*, 582 S.W.2d 135, 137 (Tex. Crim. App. 1979).

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Petitioner ALCADIO CERVANTEZ, prays that the Court of Criminal Appeals grant his Petition for Discretionary Review, and that after submission, this Court reverse the decision of the Court of Appeals and remand the Cause.

17

Respectfully submitted,

David Crook
Crook & Jordan
Attorney-at-law
PO Box 94590
Lubbock, Texas 79493
(806) 744-2082
(806) 744-2083 Fax
dcrook@nts-online.net
Attorney for the Petitioner,
ALCADIO CERVANTEZ

_/S/ David Crook
DAVID CROOK
Texas State Bar No. 05109530

## CERTIFICATE OF COMPLIANCE WITH T.R.A.P. 9.4(i)(2)(D)

This is to certify that the length of the foregoing *Petition for Discretionary Review* conforms with the Texas Rule of Appellate Procedure 9.4, in that the brief, computer-generated, is 3154 words, which is no longer than 4,500 words, exclusive of the pages containing the identity of the parties and counsel, any statement regarding oral argument, the table of contents, the index of authorities, the statement of the case, the issues presented, the signature, and the proof of service.

/s/ David Crook_____
David Crook

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the above and foregoing PETITION FOR DISCRETIONARY REVIEW was mailed to the Hon. Jeff Ford, attorney for the State of Texas, at his office address of Office of the District Attorney, PO Box 10536, Lubbock, TX 79408-3536. It was also mailed to Hon. Lisa McMinn, State Prosecuting Attorney, P.O. Box 12405, Austin TX 78711, on August 19, 2015.

/s/David Crook
David Crook

**<u>APPENDIX</u>**



# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00336-CR

ALCADIO CERVANTEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2007-418,585, Honorable Bradley S. Underwood, Presiding

July 20, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Alcadio Cervantez, appeals his conviction for indecency with a child[1] and resulting prison sentence of seventeen years' confinement. On appeal appellant argues the trial court erred by failing to grant his motion seeking suppression of a written statement procured by improper inducement or fraud and the case must be abated and remanded for additional findings and conclusions on his post-suppression-

---

[1] *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011).

hearing improper inducement complaint. Finding no error, we will overrule appellant's two issues and affirm the judgment of the trial court.

Background

Appellant gave two non-custodial written statements to a police detective, the first on October 1, 2007, and the second on October 3, 2007. Neither was electronically recorded. In his October 1 statement, appellant denied touching J.F. or any other child in a sexual manner, and specifically denied touching her breasts or sexual organ.

Appellant voluntarily took a polygraph examination administered by police on October 3, 2007. When the operator told appellant the results were not supportive of his first statement, appellant gave his October 3 statement. As with his October 1 statement, the October 3 statement included an acknowledgement he received the statutory warnings.[2]

In his October 3 statement, appellant denied putting his hand down J.F.'s pants but admitted touching and squeezing her breast. According to the statement, appellant is a high school graduate and able to read and write the English language. Appellant signed the statement beneath the averment that he had read the document and it was true and correct. Appellant was not in custody when he gave the October 3 statement and freely left the police station afterward.

_____

[2] The statutory warnings include those required by *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), and are the right to remain silent, any statements can be used against the accused, the right to an attorney prior and during questioning, the right to have an attorney appointed, and the right to terminate an interview. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 § (2) (West Supp. 2014).

A December 2007 indictment charged appellant with two counts of indecency with a child and two counts of aggravated sexual assault of a child.

On appellant's motion, a suppression hearing was held in September 2008. At the hearing, appellant's October 1 statement was marked State's exhibit two and his October 3 statement, State's exhibit three. When the State offered the October 3 statement, counsel for appellant objected on the ground that the statement was the product of fraud in the factum, "real fraud," was obtained by "guile," and violated the federal and state constitutions.

According to appellant's suppression hearing testimony, after the polygraph examination the administering officer told him he "just failed dramatically or something like that." Appellant also testified the detective told him, "if I worked with [the detective], he would just talk with the D.A. and get me probation. So, he gave me a choice, either confess and get probation or don't confess and go to jail." He further said the detective told him he would likely receive a sentence of "five to 20." Appellant denied he told the detective he touched the child's breast. Appellant did not deny signing the October 3 statement but when asked if he had read the document he replied, "Not really" and later "No, I didn't."

Following appellant's testimony, the State recalled the detective. When asked by the prosecutor if he told appellant "that if he would confess to this offense that [the detective] would talk to the D.A. and make sure that [appellant] got probation," the detective replied, "No, sir." He denied fabricating the substance of appellant's October 3 statement and explained, "What I do is I paraphrase. I write the statement based on

3

what he told. Some of it may be paraphrasing, which he has the opportunity to read the statement." The detective added that he told appellant, "If there needs to be anything added, taken out, deleted, changed in any way, just tell me, we'll make the changes." But appellant did not want to make any changes. According to the detective, appellant read and signed the statement.

At the conclusion of the hearing, the trial court dictated the following into the record:

> Let me make some findings with respect to [the two statements]. The Court finds that the Defendant voluntarily went to the police department on both October 1st and October 3rd, 2007. The Court finds that the Defendant was warned of his Miranda rights at each—on each of those occasions. The Court finds that the Defendant was not promised anything. The Defendant was not threatened in any manner. The Court was—the Defendant was offered the opportunity to read each of the statements after giving each of the statements. The Court finds that the Defendant freely, knowingly and voluntarily gave the statements contained in State's Exhibits 2 and 3.
>
> The Court does not believe the Defendant's evidence of being made promises. The Court finds that that testimony is not credible. The Court believes or finds that the Defendant freely, knowingly and voluntarily gave both statements, State's Exhibits 2 and State's Exhibit 3. The Court further finds that the Defendant was allowed to leave on his own volition after giving State's Exhibits 2 and 3.

The case was tried in August 2014. The State proceeded on one count of aggravated sexual assault of a child and one count of indecency with a child. Before voir dire, during a hearing, appellant briefly argued the October 3 statement should be suppressed because it was procured by improper inducement. The court overruled the objection but did not state related findings and conclusions in writing or on the record.

4

During the guilt-innocence phase, the parties consensually re-litigated the voluntariness of appellant's October 3 statement.[3]  The October 1 statement was admitted without objection through the detective.  When the State offered the October 3 statement the trial court conducted a hearing outside the presence of the jury.  Counsel for appellant objected to the statement's admission citing "all previous objections already made in this cause."  The court overruled the objections and granted appellant a running objection.  The detective denied at any time in his career "promis[ing] to give somebody a specific deal or a specific plea bargain if they gave you a specific statement."  He agreed that doing so could jeopardize his career.

Appellant also testified at trial.  When asked on direct examination about an offer of probation for a statement, appellant responded:

A.    He put that he [the detective] was going to talk to the D.A., recommend me get probation because I did not have a criminal history.

Q.    That's what he said?

A.    That's exactly what he said.

Q.    Along with the five to 20?

A.    Yes.

---

[3] Generally, in determining whether the State established voluntariness of a statement, appellate review is limited to the suppression hearing record.  *O'Hara v. State,* 27 S.W.3d 548, 551 (Tex. Crim. App. 2000).  However, an appellate court may also consider evidence adduced at trial in instances where, as here, "the suppression issue has been consensually re-litigated by the parties during trial on the merits." *Turrubiate v. State,* 399 S.W.3d 147, 150-151 (Tex. Crim. App. 2013) (citing *Rachal v. State,* 917 S.W.2d 799, 809 (Tex. Crim. App. 1996)).

Appellant further testified that he "thought [the detective] was going to actually talk to someone and see what they—what he could do . . . ." Appellant again acknowledged he signed the statement and again asserted he did not read it. On cross-examination the prosecutor asked appellant, "So [the detective] didn't actually promise you any type of probation? Appellant replied, "No. He says he's going to put in a good word. He said he was trying to get me probation."

The jury charge included an instruction requiring the jury to find beyond reasonable doubt that appellant voluntarily gave the written statements before considering them as evidence. The jury acquitted appellant of aggravated sexual assault of a child but convicted him of indecency with a child. Punishment was assessed by the jury as noted.

## Analysis

By his first issue, appellant argues the trial court abused its discretion by overruling his motion to suppress the October 3 statement because it was procured by improper inducement or fraud.

We apply the abuse of discretion standard when reviewing a trial court's ruling on a motion to suppress evidence. *Villarreal v. State,* 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). Under this standard, we defer to the trial court's determination of historical facts and credibility. *Carmouche v. State,* 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). At a suppression hearing, the trial court is the sole fact-finder and may choose to believe or disbelieve any or all of the witnesses' testimony. *Alvarado v. State,* 853 S.W.2d 17, 23 (Tex. Crim. App. 1993). We also afford deference to a trial court's

6

"application of law to fact questions," if the resolution of those questions turns on an evaluation of credibility and demeanor. *Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The prevailing party at the suppression hearing is entitled to "the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence." *State v. Johnston,* 336 S.W.3d 649, 657 (Tex. Crim. App. 2011) (quoting *State v. Garcia-Cantu,* 253 S.W.3d 236, 241 (Tex. Crim. App. 2008)). We review de novo mixed questions of law and fact that do not depend on an evaluation of credibility and demeanor. *Johnston,* 336 S.W.3d at 657. Purely legal questions are also reviewed de novo. *Id.*

At the hearing on a motion to suppress a statement on the ground of involuntariness, it is the State's burden to prove by a preponderance of the evidence that the defendant's statement was given voluntarily. *Tello v. State,* No. 14-06-00525-CR, 2007 Tex. App. LEXIS 6658, at *5 (Tex. App.—Houston [14th Dist.] Aug. 21, 2007, pet. refused) (mem. op., not designated for publication) (citing *Alvarado v. State,* 912 S.W.2d 199, 211 (Tex. Crim. App. 1995)); *accord Gentry v. State,* 770 S.W.2d 780, 789 (Tex. Crim. App. 1988) ("The burden of proving that a confession was rendered voluntarily is on the state"). That the question of the voluntariness of his October 3 statement was raised at trial and was submitted to the jury does not preclude appellant's challenge to the trial court's ruling on its admissibility. *Pierce v. State*, 32 S.W.3d 247, 253 (Tex. Crim. App. 2000).

In Texas a defendant may contend a statement offered against him was not freely and voluntarily made and must be excluded from evidence under several different theories, statutory and constitutional. *Oursbourn v. State*, 259 S.W.3d 159, 169 (Tex.

Crim. App. 2008) (outlining theories and discussing application of each). Some, but not all, theories depend on a showing of overreaching by police. *Id.* at 169-72.

On appeal, appellant contends the evidence shows the detective overreached by threatening him with a long prison sentence and by promising him probation if he confessed, and that he signed the October 3 statement only because of those actions by the detective. For purposes of this opinion, we will assume, without deciding, that appellant's testimony, if believed, would establish his October 3 statement was involuntarily given, under one or more of the theories recognized under Texas law. *See, e.g., Oursbourn*, 259 S.W.3d at 170-73.

The trial court, however, was not required to accept appellant's version of his interactions with the detective, and the findings the court dictated into the record make clear it did not find appellant's version credible. *See State v. Ballard,* 987 S.W.2d 889, 891 (Tex. Crim. App. 1999) (at suppression hearing trial court exclusive judge of weight and credibility of witnesses' testimony). Appellant contends the detective's testimony was "fatally self-contradictory" and wholly unworthy of belief when compared with his more specific recollections. He points to the occasions on which the detective acknowledged he had no independent recollection of his October 3 session with appellant, and asks how the detective could deny appellant's allegations without such recollection. The trial court reasonably saw in the detective's testimony a clear denial that he threatened appellant or made promises to induce his October 3 statement. We conclude without difficulty that resolution of the contradictions appellant sees in the

detective's testimony was a matter exclusively within the province of the fact finder.[4] *See Martinez v. State,* No. 11-13-00236-CR, 2015 Tex. App. LEXIS 6473, at *7 (Tex. App.—Eastland June 25, 2015, n.p.h.) (mem. op., not designated for publication) (citing *Sharp v. State,* 707 S.W.2d 611, 614 (Tex. Crim. App. 1986) (noting as sole judge of weight and credibility, "trier of fact may believe all, some, or none of a witness's testimony").

Appellant's first issue is meritless and is overruled.

In his second issue, appellant argues that because the trial court did not produce written findings of fact and conclusions of law, after overruling his improper inducement objection, the appeal must be abated and the case remanded for additional findings. As noted, appellant voiced this new suppression ground on the day of trial prior to voir dire. It was overruled without additional findings or conclusions.

Article 38.22, § 6 of the Code of Criminal Procedure provides in pertinent part:

> If the statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause.

TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6 (West Supp. 2014). A trial court may satisfy the requirements of article 38.22, section 6 by dictating its findings and conclusions into

---

[4] We note also appellant's testimony was not free from inconsistency. Appellant was emphatic at the suppression hearing that the detective said he would obtain probation for appellant from the district attorney in exchange for a confession but jail awaited should he not confess. In his trial testimony, however, appellant denied that the detective promised him "any type of probation." Rather, he then said, the detective told him he would "put in a good word. He said he was trying to get me probation." Here again, under settled law, resolution of such inconsistencies is the task of the fact finder.

9

a reporter's record that is transcribed and included in the appellate record. *Mbugua v. State,* 312 S.W.3d 657, 668 (Tex. App.—Houston [1st Dist.] 2009, pet. refused) (citing *Murphy v. State,* 112 S.W.3d 592, 601-02 (Tex. Crim. App. 2003)). Whether set forth in a separate writing filed in the clerk's record or dictated into the reporter's record, it is not necessary that the findings of fact be made "with minute specificity as to every alleged and hypothetical possibility for physical or mental coercion. But the trial court must make findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts." *Wicker v. State,* 740 S.W.2d 779, 783 (Tex. Crim. App. 1987) (citations and internal quotation marks omitted); *Hester v. State,* 535 S.W.2d 354, 356 (Tex. Crim. App. 1976) ("Without adequate findings of fact [an appellate court] is much handicapped in its review upon appeal of the trial court's ruling, because it lacks an adequate record of the basis for that ruling. One purpose for requiring the trial court to enter an order stating its findings . . . is to make the record reflect, for the parties and for possible appellate review, the basis for the ruling" (internal quotation marks omitted)).

In his motion to suppress, appellant alleged his October 3 statement was involuntary because it was obtained by "fraud in the factum" or "real fraud." These suppression grounds were reiterated at the hearing. The improper inducement appellant subsequently alleged was the threat of a lengthy prison sentence and the promise of probation for a confession. He proffered no additional evidence to support the new ground. Thus on the evidence appellant depended for his improper inducement complaint the court had already found appellant "was not promised anything," "was not threatened," and "freely, knowingly and voluntarily gave" the

October 1 and October 3 statements. Further, the court stated it did not believe appellant's evidence of promises and found his testimony concerning promises was not credible. We find the court's findings and conclusions sufficiently subsumed appellant's later improper inducement suppression ground. Appellant's second issue is overruled.

## Conclusion

Having overruled appellant's two issues, we affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.